### RAFOLOVITZ v. AMERICAN TOBACCO CO.

(Supreme Court, Special Term, New York County.   January, 1893.)

CONTRACTS—VALIDITY—MUTUALITY.
   A contract by which defendant agrees to pay plaintiff a commission on all cigarettes bought by him from defendant during a certain time lacks mutuality where plaintiff does not agree to purchase any number of cigarettes.

Action by Joseph Rafolovitz against the American Tobacco Company. Defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Demurrer sustained.

C. F. Holm, for plaintiff.
Oudin & Oakley, for defendant.

LAWRENCE, J.   The demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, must be sustained. Two causes of action are alleged in the complaint, in one of which the plaintiff claims specific damage result-

ing from the failure of the defendant to perform its alleged contract by reason of the inability of Ràfolovitz & Son, on their part, to perform certain agreements and obligations entered into with other parties, on the assumption that the defendant would perform its alleged contract, and by reason of certain expenditures which they had incurred in consequence of such contract. The second cause of action is to recover the loss of profits which the plaintiff alleges Rafolovitz & Son sustained by reason of the failure of the defendant to perform its alleged contract. The plaintiff alleges that the copartnership of Rafolovitz & Son has been dissolved, and that the son has assigned to the plaintiff all his right, title, and interest in said agreement and contract.

The complaint further alleges—

"That heretofore, at New York city, and on or about the 10th day of April, 1892, the defendant and Joseph Rafolovitz & Son, a copartnership composed of plaintiff and one Peter Rafolovitz, entered into an agreement or contract whereby and wherein the defendant promised and agreed, in consideration that said Joseph Rafolovitz & Son would purchase and sell a certain cigarette manufactured by defendant, that the defendant would allow and pay them, as a compensation or commission for said purchase of cigarettes, twenty cents on every thousand of said cigarettes manufactured by defendant and purchased by said Joseph Rafolovitz & Son between the 10th day of April and the 1st day of October, 1892. It is further alleged that said Rafolovitz & Son performed on their part all the conditions of said contract or agreement, and on or about the 26th day of April, 1892, purchased 84,000 cigarettes, and on or about the 6th day of May purchased 110,000 cigarettes, all of the kind and brand manufactured by defendant, and all in pursuance of said agreement, and would have purchased more and larger quantities of said cigarettes, but the defendant, against the right of said Rafolovitz & Son and this plaintiff, and without cause, broke said agreement, and refused, and still refuses, to allow or pay said Rafolovitz & Son, or this plaintiff, said compensation or commission, to their loss and damage $10,806, as follows, and no part of which has been paid, though duly demanded, except commissions or compensation as alleged on 194,000 cigarettes purchased as above stated."

It will be observed that in these paragraphs of the complaint there is no allegation that the firm of Rafolovitz & Son agreed to purchase any number of cigarettes from the defendant; and also that, as to the part actually purchased by them, the commissions agreed upon had been paid. No mutuality, therefore, is shown in regard to the alleged contract.

The statement in regard to the second cause of action, as to the terms of the contract, is the same as that contained in the statement of the first cause of action, there being an entire failure to allege that Rafolovitz & Son agreed or promised to purchase any cigarettes or any specific number of cigarettes from the defendant. This case does not seem to me to be distinguishable from the case of Railroad Co. v. Dane, 43 N. Y. 240. In that case the defendant offered by letter to receive from the plaintiff, and transport from New York to Chicago, railroad iron, not to exceed a certain number of tons, during certain specified months, at a specified rate per ton, and the plaintiff answered, assenting to the proposal, but did not agreed on his part to deliver any iron for such transportation. The court held that there was no valid contract, binding on either party. Grover, J., in delivering the opinion of the court, says:

"The plaintiff was at liberty to accept this proposition for any specified quantity not beyond that limited; and, had it done so, a contract mutually obligatory would have resulted therefrom, for the breach of which by either party the other could have maintained an action for the recovery of the damages thereby sustained. This mutual obligation of the parties to perform the contract would have constituted a consideration for the promise of each; but the plaintiff did not so accept. Upon the receipt of the defendants' offer to transport, not to exceed six thousand tons, upon the terms specified, it merely accepted such offer, and agreed to be bound by its terms. This amounted to nothing more than the acceptance of an option by the plaintiff for the transportation of such quantity of iron by the defendants as it chose, and, had there been a consideration given to the defendants for such option, the defendants would have been bound to transport for the plaintiff such iron as it required, within the time and quantity specified, the plaintiff having its election not to require the transportation of any. But there was no consideration received by the defendants for giving any such option to the plaintiff. There being no consideration for the promise of the defendants, except this acceptance by the plaintiff, and that not binding it to furnish any iron for transportation unless it chose, it follows that there was no consideration for any promise of the defendants, and that the breach of such promise furnishes no foundation for an action. * * * Nor does the fact that the defendants, after the letters were written, transported iron for the plaintiff, at all aid in upholding the contract. This did not oblige the plaintiff to furnish any additional quantity, and consequently constituted no consideration for a promise to transport any such."

In Hurd v. Gill, 45 N. Y. 341, the defendant agreed to allow the plaintiff to dig molding sand upon his (the defendant's) premises in places to be designated by him, at so much a ton, the digging to commence in spring, upon the opening of navigation, and end at its close; and the plaintiff dug sand on the defendant's farm at a place designated by him until the sand at that place was exhausted, and, although there were other deposits of sand on the farm, the defendant refused to designate any other place at which it might be dug. As it had been assumed at the trial that the defendant was bound by the contract proved, and no question as to the consideration was made, the court of appeals reversed the judgment, nonsuiting the plaintiff, on the ground that the defendant was not obliged to designate more than one place. But, in delivering the opinion of the court, Andrews, J., says:

"The agreement sued upon does not show upon its face any consideration which will support an action upon it against the defendant. The plaintiff does not agree to take any sand, nor is there any understanding on his part which furnishes a consideration for the agreement of the defendant;" citing the case of Railroad Co. v. Dane, supra.

Continuing, he says:

"But a consideration may be shown by extrinsic evidence, and, as this point was not raised on the trial, we cannot assume that such consideration did not exist."

In this case, as has already been said, there is no agreement in the statement of either the first or the second cause of action, on the part of Rafolovitz & Son, to purchase any quantity of cigarettes from the defendant, and there appears, therefore, to be no consideration for the agreement on the part of the defendant. If it should be said that Rafolovitz & Son did actually purchase a certain amount of cigarettes from the defendant, the answer is that, under

the ruling of the court in the case of Railroad Co. v. Dane, that fact does not aid the plaintiff. He should have shown upon the face of his complaint a promise or obligation on the part of Rafolovitz & Son to purchase the cigarettes in question.

The allegations of special damage contained in the complaint in respect to expenses incurred and contracts entered into by Rafolovitz & Son in reliance upon the agreement made by the defendant with the plaintiff do not validate a contract which, upon its face, was void for want of mutuality, for the reason that the acts alleged to have been done by Rafolovitz & Son were not such as would necessarily be contemplated by the defendant in making the promise alleged in the complaint. For these reasons I am of the opinion that the defendant is entitled to judgment upon the demurrer, with leave to the plaintiff to amend upon payment of costs.