(45 Misc. 352)

## SILBERMAN v. SCHWARCZ et al.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CONTRACTS OF EMPLOYMENT—MUTUALITY—CONSIDERATION.

Defendant hired plaintiff for a fixed period at fixed wages. Plaintiff agreed not to strike nor leave his employment without defendant's consent, and stipulated for a deduction of a fixed sum each week from his wages as guaranty for his observance of his agreement to be returned at end of employment. *Held*, that the agreement between the parties was mutual and supported by a sufficient consideration making it the duty of defendant to return to plaintiff the sum deducted from his wages.

Appeal from City Court of New York.

Action by Max Silberman against Max M. Schwarcz and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Herbert H. Maass (Charles Grossman, of counsel), for appellants.

Manheim & Manheim (Jacob Manheim, of counsel), for respondent.

FITZGERALD, J. The language in which the intent of the parties is sought to be expressed is exceedingly crude, but the expressed meaning of the writing is nevertheless clear, when the instrument, as a whole, is considered in the light of the rules governing proper interpretation. By the first paragraph, appellants agree to hire respondent for a fixed period of time at a fixed rate of wages. By the second, respondent agrees not to participate in any strike, nor to leave appellants' employment without their written consent, and further stipulates for a deduction of a fixed sum each week from his wages as guaranty for his observance of these conditions; and by this paragraph it is specifically provided that the amount so deducted will be returned to him on November 1, 1902, the date of the expiration of the term of hiring. The third paragraph reads, "This agreement is from September 3rd, 1901, to November 1st, 1902," and immediately following these words are the signatures of the parties. According to the testimony, this

writing was given respondent by appellants, and must be construed, under well-settled authorities, most strongly against them. From the context it is clear that the ambiguities which are open to criticism are due to the omission of words, and in construing the contract these words may be supplied. 17 Am. & Eng. Ency. of Law (2d Ed.) 19, and cases cited.

It may well be conceded that the language of the third paragraph, when read in connection with the first two, remedies all ambiguities, and obviates the necessity of recourse to the context to ascertain the intention of the parties expressed in the writing. We have here an agreement to hire, on the one side, and on the other side an agreement not to participate in strikes, and not to leave the employment without written consent. The period of the hiring is fixed, and the conclusion from the context is that the agreement as to the conditions was for the period as fixed. There is certainly no want of mutuality or failure of consideration here. This is the construction which the parties by their acts put upon the contract. Respondent entered appellants' service upon the date of the execution of the agreement, and continued in such service for over six months, when he was discharged for carelessness and incivility. These issues were tried, and, upon conflicting testimony, resolved in his favor by the jury. During all the weeks of actual service the sum agreed to be deducted was deducted and retained by the appellants.

The case at bar is readily distinguishable from the Chicago & G. E. Railway Co. v. Dane, 43 N. Y. 240, and Rafolovitz v. Am. Tobacco Co., 29 Abb. N. C. 406, 23 N. Y. Supp. 274. These decisions hold only that the acceptance of an offer is limited to the extent of the offer, or, in other words, when no definite promise to do an act is made, that the acceptance of an offer to perform the contemplated services upon specified conditions binds no further than to the extent it is availed of. In Chicago & G. E. Railway Co. v. Dane, supra, the defendant agreed to receive "not exceeding six thousand tons during the months of April, May, June, July and August, 1864," at a specified rate. Plaintiff, in writing, accepted those terms, but did not accept the proposition for any definite quantity below the maximum. The plaintiff, in Rafolovitz v. American Tobacco Co., made no promise of any kind, and it was held that, "there having been no consideration for the promise of the defendant, no legal obligation rested upon it."

The ruling of the learned court below denying the defendants' motion to dismiss upon the grounds of want of consideration and want of mutuality was proper. An examination of the other exceptions fails to disclose prejudicial error.

Judgment affirmed, with costs. All concur.