THE SMITHERMAN COTTON MILLS v. THE RANDLEMAN
MANUFACTURING CO.

(Decided November 28, 1899.)

*Bilateral Contract—Consideration.*

1. Where an agreement, signed by both parties, is to be for twelve
   months from March 1, 1898, and with the privilege of renew-
   ing for three years, it is a bilateral contract, and the privi-
   lege of renewal is not confined to either party.

2. Mutual promises are mutual considerations.

CIVIL ACTION for damages for breach of contract, tried
upon demurrer, before *Robinson, J.,* at October Term, 1899,
of MONTGOMERY Superior Court.

His Honor overruled the demurrer, and defendant ap-
pealed.

The contract and pleadings appear in the opinion.

*Messrs. Bynum & Bynum,* for appellant.
*Messrs. Black & Adams,* for appellee.

CLARK, J.   The plaintiff and defendant entered into the
following contract:

RANDLEMAN, N. C., *January 27, 1898.*

This agreement made and entered into this day, between
The Randleman Manufacturing Company, of Randleman,
Randolph County, and State of North Carolina, and the
Smitherman Cotton Mills, of Troy, Montgomery County,
and State of North Carolina, viz.:

The Smitherman Cotton Mills agree to make and furnish
The Randleman Manufacturing Company, one thousand
pounds of number 14s warps per day, made as per description

given the Smitherman Cotton Mills, and to be made out of good cotton, and at 5½ per pounds above middling cotton on the Raleigh market, warps to be delivered at Randleman.

This contract to be for twelve months from March 1, 1898, and with privilege of renewing for three years, the price to be taken from the highest quoted price for middling. Settlement to be made on the 10th of the month for the month previous for all shipments.

> JOHN H. FERREE,
> *Treasurer The Randleman M'f'g. Co.*
> A. W. E. CAPEL,
> *Treasurer Smitherman Cotton Mills.*

*Witness:*
>   S. J. SMITHERMAN.
>   SAM'L G. NEWLIN.

The plaintiff alleges compliance with said contract by both parties for the twelve months, after which it elected to exercise the privilege of renewing the same and continued to ship warps until 23rd March, 1899, when the defendant gave notice that it denied plaintiff's right to renew the contract, and declined to accept or pay for warps so shipped by plaintiff, who avers that it is ready, able and willing to comply with the provisions of the contract, and sues to recover for damages sustained by reason of defendant's refusal to accept and pay for the warps.

The defendant demurs that upon the face of the complaint there is no contract binding upon the defendant after the expiration of the twelve months, that the election to renew is without consideration, and, indeed, that the contract on its face was unilateral and binding only upon the plaintiff. It is true there are no express words "The Randleman Manufacturing Company doth agree," but if the offer came only from

COTTON MILLS *v.* MANUFACTURING CO.

the plaintiff, the signing by the defendant was an acceptance; besides, the use of the words "agreement" and "contract" shows that it was a bilateral agreement. The contract was executory, so much warp to be furnished by the plaintiff at such a price, to be paid by the defendant, and a promise for a promise is sufficient consideration. 1 Parson's Contracts, 448, and cases cited; Pollock on Cont., 160.

As to the renewal, it certainly was not the intention of the parties to stipulate that the contract could be renewed at the will of both parties. That they knew they could do without any stipulation, and if it had been intended that privilege of renewal should be restricted to one party that party would have been named. As this was not done, the inevitable conclusion is that either party had the privilege to renew, and the plaintiff having notified its election to do so, the defendant is bound thereby, and for damages if it refuses to accept the warps tendered and pay for the same under the terms of the original contract which the plaintiff has exercised its election to continue for the stipulated term.

The cases cited us by the learned counsel for the defendant, *Chicago v. Dane,* 43 N. Y., 240, and others of like purport, were instances of options, in which the defendants agreed to accept at a price named, "so much as may be required by defendant," or "not to exceed" a quantity to be named. They have no application to a case like the present in which the quantity is as fixed and definite as the price, and binding equally on both parties. In overruling the demurrer there was

No error.