ROSE TASSI, Appellant, v. CHEVROLET MOTOR COMPANY OF NEW YORK, INC., Respondent.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that each of the writings is a contract for the purchase and sale of the amounts mentioned therein respectively. Taking the language of the entire contract, it shows that the parties did not mean to ascribe to the words " quantity not to exceed " the meaning of similar words the subject of consideration in *Chicago & G. E. R. R. Co.* v. *Dane* (43 N. Y. 240), but that they meant by those words the amounts named and " no more." Rich and Lazansky, JJ., concur; Jaycox and Kapper, JJ., concur on the ground that there was a question of fact as to what the parties meant by said words and that question of fact was not decided by the direction of a verdict by the court, as indicated by the opinion of the court; Kelly, P. J., dissents and votes to affirm the judgment upon the ground that the contract gave to defendant the right to purchase " not to exceed " a given quantity of lenses, to be delivered as ordered by defendant and paid for at the rate specified in the

contract. The defendant has paid for all the lenses ordered and delivered. I cannot find any obligation on defendant to take the maximum quantity specified. (*Chicago & G. E. R. R. Co.* v. *Dane*, 43 N. Y. 240.) The learned trial justice denied a motion to dismiss the complaint. If there is any ambiguity about the agreement of the parties and if we are to resort to the other clauses of the contract to ascertain their intention, we find that at the close of the case both parties moved for the direction of a verdict and the learned trial justice directed a verdict for the defendant. If there was any question of fact in the case, I think the evidence justified the direction of the verdict.