SPERGEL et al. v. WM. LUSTGARTEN CO., Inc.

(Supreme Court, Appellate Term, First Department.   June 26, 1916.)

APPEAL AND ERROR ⬤⟳1151(2)—REVIEW—MODIFICATION OF JUDGMENT.
   Where defendant in his counterclaim asked judgment for two months'
rent, amounting to $70, a judgment rendered in his favor for $105 will be
reduced, and affirmed as modified.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–
4500, 4503–4505; Dec. Dig. ⬤⟳1151(2).]

Appeal from Municipal Court, Borough of Manhattan, Second
District.

Action by William Spergel and Max Spergel, copartners doing busi-
ness under the firm name of Spergel Bros., against the William Lust-
garten Company, Incorporated, in which defendant filed a counterclaim.
Judgment for defendant on its counterclaim, and plaintiffs appeal.
Modified and affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Bernard Modell, of Brooklyn, for appellants.
August Weymann, of New York City, for respondent.


PER CURIAM. The learned court below properly denied relief
to the plaintiffs. Defendant, in his counterclaim, asked judgment for
but two months' rent, amounting to $70, but judgment was rendered
in his favor for $105, which was irregular.

The judgment will therefore be reduced to $70, with appropriate
costs, and, as so modified, affirmed, with $10 costs in this court.


---

(95 Misc. Rep. 579)

SIGSBEE v. NEW ERA MFG. CO.

(Supreme Court, Appellate Term, First Department.   June 21, 1916.)

1. CONTRACTS ⬤⟳10(1)—EMPLOYMENT—TERMS—ENFORCEABILITY.
   A showing that plaintiff was to go to certain territory and develop it,
to hire salesmen and put them out to sell goods, and, as soon as a check
writer arrived, to sell them, that the check writer was to be there about
the 1st of February, that plaintiff was to have a commission of 50 per
cent. and a commission of 10 per cent. on the salesmen, did not show an
enforceable contract, by reason of the absence of any covenant on plain-
tiff's part, either to purchase a definite number of the articles to be sup-
plied by the defendant, or to continue his services for any definite time,
acquiesced in by the defendant.

   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–27; Dec.
Dig. ⬤⟳10(1).]

2. MASTER AND SERVANT ⬤⟳8(1)—CONTRACTS—CONSTRUCTION—TERMINATION.
   In such case the failure of the parties to fix any terms for the con-
tinuance of the contract left it, if any contract, a contract terminable at
will.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8,
17; Dec. Dig. ⬤⟳8(1).]

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. DISMISSAL AND NONSUIT ⊚⟹73—MOTION TO DISMISS—SCOPE OF OBJECTION.
　　Defendant, under its contention, on its motion to dismiss the complaint, that the contract was too indefinite and uncertain, might show the absence of a specified term for its continuance.

　　[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 167, 168; Dec. Dig. ⊚⟹73.]

4. APPEAL AND ERROR ⊚⟹237(4)—REVIEW—OBJECTIONS FIRST URGED ON APPEAL.
　　Even if the points that a contract of employment sued on was unenforceable, because containing no covenant on plaintiff's part to purchase a definite number of the articles to be supplied by the defendant, or to continue his services for a definite time, were not separately or clearly urged in a motion to dismiss the complaint, defendant might avail himself of them on appeal, as the objection was not as to a defect in the formal proof, but that no cause of action had been established by the plaintiff.

　　[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⊚⟹237(4).]

Appeal from City Court of New York, Trial Term.

Action by Ross R. Sigsbee against the New Era Manufacturing Company. From a judgment in favor of the plaintiff, entered upon the verdict of a jury in the City Court, defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Frederic C. Leubuscher, of New York City, for appellant.

Hacker & Bowman, of New York City (William L. Bowman, of New York City, of counsel), for respondent.

BIJUR, J. [1] This action was brought for breach of a contract of employment. When asked in cross-examination to state "what the contract was that you made with this defendant company," the plaintiff answered:

"The contract was I was to go to the southern district of Georgia, which was outlined on this map, and take charge of that property and the development of it; I was to go down there and hire salesmen, put those salesmen out to sell protectors and pencil sharpeners, and as soon as a check writer got there they were to sell check writers. The check writer was to be there about the 1st of February. The instructions were also as to what the commissions were to be, and so forth—50 per cent. commission to myself—40 per cent. to the salesmen, so it left me 10 per cent. difference between the salesmen and myself."

I am unable to find in this statement any contract between plaintiff and defendant. Defendant urges that there was no agreement on its part to furnish the plaintiff with check writers for sale; and, second, that the price of the writer to the public was not specified. I think, however, that if the testimony of the plaintiff be believed, as it no doubt was, by the jury, there was ample evidence to sustain a finding that the defendant had agreed to supply check writers by a certain date, which was repeatedly postponed, and that the price to the public was plainly indicated as $20.

The element that I regard as fatal to plaintiff's recovery is the absence of any covenant on his part either to purchase a definite number of the articles to be supplied by the defendant (Rafolovitz v. Amer-

ican Tobacco Co., 73 Hun, 87, 25 N. Y. Supp. 1036; Jackson v. Alpha Portland Cement Co., 122 App. Div. 345, 106 N. Y. Supp. 1052), or to continue his services for any definite period, acquiesced in by the defendant. These elements cannot be supplied by the implication of a covenant to perform services, as was done in Moran v. Standard Oil Co., 211 N. Y. 187, 105 N. E. 217, and Grossman v. Schenker, 206 N. Y. 466, 100 N. E. 39.

[2] In any view, the failure of the parties to fix any term for the continuance of the agreement left it, if there were any agreement at all, as one terminable at will. In reaching this conclusion I may say that I do not confine myself merely to the language of the testimony in the extract which I have quoted, but have taken into consideration all the evidence given by plaintiff as to the terms of his so-called employment.

[3] Although the absence of a specified term for the continuance of the contract does not appear to have been urged in so many words, on defendant's motion to dismiss the complaint, nevertheless, defendant stated as its first ground that "the contract is too indefinite and uncertain," which I think sufficiently indicates both objections to which I have referred, although defendant apparently laid more stress on the absence of proof upon which any definite measure of damages could be predicated.

[4] Even if, however, the precise points were not separately and clearly urged, defendant may avail of them on this appeal, since the objection is not as to a defect in formal proof (Ramsay v. Miller, 202 N. Y. 72, 95 N. E. 35), but that "no cause of action has been established by the plaintiff" (Shotwell v. Dixon, 163 N. Y. 43, 57 N. E. 178; Miller v. Barnett, 158 App. Div. 862, 868, 869, 144 N. Y. Supp. 40).

Judgment reversed, with costs, and complaint dismissed, with costs of the action. All concur.