THE CHICAGO AND GREAT EASTERN RAILWAY COMPANY, Appellant, *v.* FRANCIS B. DANE and ors., Respondents.

Where the defendant offered by letter to receive from the plaintiff and transport from New York to Chicago railroad iron, not to exceed a certain number of tons, during certain specified months, at a specified rate per ton, and the plaintiff answers merely assenting to the proposal, but does not agree on his part to deliver any iron for such transportation.— *Held*, that there was no valid contract binding on either party; *Held*, further, that it is incumbent upon a party to whom a contract is proposed by letter to signify his acceptance within a reasonable time, if he desires to take advantage of it, and that four months is not in general a reasonable time within which to do so.

(Argued December 13, 1870; decided December 20, 1870.)

THIS is an appeal from a judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment for the defendant entered upon the report of a referee.

This action was brought to recover damages on an alleged contract of the defendant to carry and transport a quantity of railroad iron from New York to Chicago for the plaintiffs. The only evidence of the contract were the letters quoted in

the opinion of the court. The defendant insisted that the agreement was invalid for want of the proper U. S. internal revenue stamp affixed at the time it was made. But the referee overruled the objection, holding that it was sufficient under section 173 of the revenue act of June 30, 1864, to stamp the instrument on its production in court. This point was not passed on in this court.

*Titus and Westervelt*, for the appellant, insisted that the contract was binding. (*Barton* v. *McLean*, 5 Hill, 256; *Hadden* v. *Dimmick*, 31 How. Pr. R., 196; 24 W., 289; 43 B., 35; 1 Metc., 84; 17 B., 260.) As to subsequent offer of plaintiffs they cited 7 N. Y., 350; 5 Pick., 384; 5 M. & W., 501; 8 Pick., 393; 36 B., 583; 46 B., 239; 8 W., 483; 3 Hill, 215. As to necessity of stamp they cited 12 Wheat U. S., 460; 4 B. & C., 49; 8 East, 242; 2 B. & A., 797; 3 Taunt., 220; 11 M. & W., 561; 20 Verm. R., 49; 2 Dowl., 494; 8 Bing., 146; 11 Ex. R., 190; 8 East, 242; 2 Man. & Ryl., 382; 13 Jur. R., § 212; 35 B., 599; 15 N. Y., 85, 152, 153, 254.

*H. W. Johnson*, for the respondents, that the contract was invalid, cited 1 Pars. on Con., 373-4; 5 Bing., 34; 12 B., 502; 2 B. & C., 474; 9 A. & E., 693; 47 B., 172; 23 W. R., 435; 4 Hill, 351; 12 J. R., 190; id., 397; 1 Caines, 583; 25 E. L. & E., 478.

GROVER, J.   Whether the letter of the defendants to plaintiff, and the answer of plaintiff thereto (leaving the question of revenue stamps out of view), proved a legal contract for the transportation of iron by the defendants for the plaintiff from New York to Chicago upon the terms therein specified, depends upon the question whether the plaintiff became thereby bound to furnish any iron to the defendants for such transportation, as there was no pretence of any consideration for the promise of the defendants to transport the iron, except the mutual promise of the plaintiff to furnish it for that pur-

pose, and to pay the specified price for the service. Unless, therefore, there was a valid undertaking by the plaintiff so to furnish the iron the promise of the defendants was a mere nude pact, for the breach of which no action can be maintained. The material part of the defendants' letter affecting this question is as follows: "We hereby agree to receive in this port (New York), either from yard or vessel, and transport to Chicago, by canal and rail or the lakes, for and on account of the Chicago and Great Eastern Railway Company, not exceeding six thousand tons gross (2,240 lbs.) in and during the months of April, May, June, July and August, 1864, upon the terms and for the price herein after specified." This letter was forwarded by the defendants to the plaintiff April 15, 1864. On the 16th of April, the plaintiff answered this letter, the material part of which was as follows: "In behalf of this company I assent to your agreement, and will be bound by its terms." We have seen that the inquiry is, whether this bound the plaintiff to furnish any iron for transportation. It is manifest that the word "agree" in the letter of the defendants was used as synonymous with the word "offer," and that the letter was a mere proposition to the plaintiff for a contract to transport for it any quantity of iron upon the terms specified, not exceeding 6,000 tons, and that it was so understood by the plaintiff. The plaintiff was at liberty to accept this proposition for any specified quantity not beyond that limited; and had it done so, a contract mutually obligatory would have resulted therefrom, for the breach of which by either party the other could have maintained an action for the recovery of the damages thereby sustained. This mutual obligation of the parties to perform the contract would have constituted a consideration for the promise of each. But the plaintiff did not so accept. Upon the receipt of the defendants' offer to transport not to exceed 6,000 tons upon the terms specified, it merely accepted such offer, and agreed to be bound by its terms. This amounted to nothing more than the acceptance of an option by the plaintiff for the transportation of such quan-

tity of iron by the defendants as it chose; and had there been a consideration given to the defendants for such option, the defendants would have been bound to transport for the plaintiff such iron as it required within the time and quantity specified, the plaintiff having its election not to require the transportation of any. But there was no consideration received by the defendants for giving any such option to the plaintiff. There being no consideration for the promise of the defendants, except this acceptance by the plaintiff, and that not binding it to furnish any iron for transportation unless it chose, it follows that there was no consideration for any promise of the defendants, and that the breach of such promise furnishes no foundation for an action. The counsel for the defendants insists that the contract may be upheld for the reason that at the time the letters were written the defendants were engaged in transporting iron for the plaintiff. But this had no connection with the letters any more than if the defendants were at the time employed in any other service for the plaintiff. Nor does the fact that the defendants, after the letters were written, transported iron for the plaintiff at all aid in upholding the contract. This did not oblige the plaintiff to furnish any additional quantity, and consequently constituted no consideration for a promise to transport any such. The counsel for the appellant further insists that the letter of defendant was a continuing offer, and that the request of the plaintiff, in August, to receive and transport a specified quantity of iron was an acceptance of such offer, and that the premises then became mutually obligatory, if not so before. This position cannot be maintained. Upon receipt of the defendants' letter, the plaintiff was bound to accept in a reasonable time and give notice thereof, or the defendant was no longer bound by the offer. The judgment appealed from must be affirmed with costs.

All the judges concurring except ALLEN, J., who, having been of counsel, did not sit.

Judgment affirmed.