Augustus Hurd, Appellant, v. Robert T. Gill, Respondent.

Where the defendant agreed to allow the plaintiff to dig molding sand upon his, the defendant's, premises, in places to be designated by him, at so much a ton, the digging to commence in spring upon the opening of navigation and end at its close, and the plaintiff dug sand on the defendant's farm at a place designated by him, until the sand at that place was exhausted, and although there were other deposits of sand on the farm, the defendant refused to designate any other place at which it might be dug, — *Held*, that his refusal so to do was a violation of his contract.

(Argued April 14th; decided April 28th, 1871.)

APPEAL from a judgment of the General Term of the Supreme Court of the second judicial district for the defendant, the plaintiff having been nonsuited at the Circuit, and the exceptions having been ordered to be heard in the first instance at the General Term.

This was an action on an alleged breach of contract. By the terms of the contract, the defendant agreed to allow the plaintiff to dig molding sand on his premises in places to be designated by him (the defendant), at the rate of twenty-five cents per ton. It was further stated to be " understood that the digging shall commence in the spring of 1867, upon opening of navigation, and cease at its close." The defendant denied the breach of the contract. On the trial it was shown that the plaintiff had dug sand on the defendant's farm, at a place designated by the defendant, at the opening of navigation in 1867, and continued till the latter part of June, when molding sand at that place was exhausted. There was an abundance of molding sand to be had at other places on the defendant's farm, and the plaintiff called upon the defendant to designate a place for him to dig. The defendant refused to designate any other place. The plaintiff was nonsuited, on the ground that defendant was not obliged to designate more than one place. The exceptions were ordered to be heard in the first instance at the General Term, where judgment was ordered in favor of the defendant.

*Homer A. Nelson,* of counsel for the appellant, insisted that refusal of defendant was a breach of his contract. (*Wescott* v. *Thompson,* 18 N. Y., 363; *Norton* v. *Woodruff,* 2 id., 153; *Angevine* v. *Storm,* 2 Conn., 781; *Hollingworth* v. *Fry,* 4 Dall., 345; *United States* v. *Grundy,* 3 Cranch, 337; *United States* v. *Gurney,* 4 id., 333; *Bradley* v. *Washington Steam Packet Co.,* 13 Pet., 89; *Slater* v. *Emerson,* 19 How., 224; *Auburn City Bank* v. *Leonard,* 4 Barb., 119.)

*A. Anthony,* for the respondent.

ANDREWS, J. It was assumed by the court on the trial, that the defendant was bound by the contract proved. No question as to the consideration was made. The plaintiff was nonsuited on the ground, that the defendant had performed the contract, when he had designated one place on his farm from which molding sand might be taken by the plaintiff, and that he was not bound to designate another, when the supply at the place first designated became exhausted. It had been shown by the plaintiff that in June, 1867, the supply of sand failed at the place designated, and that although it could have been procured elsewhere on the premises, the defendant refused to designate any other point from which the plaintiff might take it.

The contract is not, we think, subject to the limited construction which was given to it. It does not indicate any intention on the part of the defendant to restrict the taking of sand to a single location. The permission to the plaintiff to dig it, covered the whole time between the opening and close of navigation. He was authorized to dig in "such places" as should be designated by the defendant, implying that several or successive designations might become necessary. The defendant reserved the right to indicate the points from which the sand should be taken, but the right of the plaintiff to sand from the premises was not terminated by the failure of the supply at a given point.

The agreement sued upon does not show upon its face any consideration which will support an action upon it against the defendant.

The plaintiff does not agree to take any sand, nor is there any understanding on his part which furnishes a consideration for the agreement of the defendant. (*The Chicago and Northeastern R. R. Co.* v. *Dane et al.*, 4 Hand [43 N. Y.], 241.) But a consideration may be shown by extrinsic evidence, and as this point was not raised on the trial, we cannot assume that such consideration did not exist.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All the judges agreeing, judgment reversed and new trial ordered.