Ricketts *v.* The Baltimore and Ohio Railroad Company.

---

JAMES M. RICKETTS et al., Appellants, *v.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Respondents.

(GENERAL TERM, FIRST DEPARTMENT, NOVEMBER, 1871.)

Plaintiffs stated to the freight agent of defendants at N., that he desired to send goods from N. to M., neither of these points being upon defendants' route, and inquired at what rate defendants would carry the same. The agent stated the rate of charges, and instructed the plaintiffs as to the marking of the goods, and directed him to deliver them to the C. & A. Co., a company having a connecting line with defendants. The goods were afterward delivered, by plaintiffs' direction, to the C. & A. Co., marked as directed by the agent, and properly addressed to plaintiffs at M., and a bill of lading taken, headed with the name of defendants' road, and stipulating for the delivery of the goods to defendants' agent at P., the terminus of the company's road, to whom they were delivered; also providing that the company in whose actual possession the goods might be at the happening of any loss, should alone be responsible therefor. The goods were safely delivered at the terminus of defendants' road, for delivery at M. to a common carrier, by whom they were lost.

*Held,* That what occurred between the plaintiffs and defendants' agent at N. did not amount to an agreement for the transportation of the goods; nor could the sending of the goods by the plaintiffs afterward, as directed by the agent, be considered as amounting to an acceptance by them of an offer made by the agent to carry the goods upon the prescribed terms. The bill of lading contained the only contract between the parties, and as it expressly stipulated for exemption from liability of the defendants for damage, except that happening while the goods were in possession of defendants, plaintiffs could not recover.

Ricketts *v.* The Baltimore and Ohio Railroad Company.

THIS was an appeal by plaintiffs from a judgment dismissing their complaint, and for costs, entered upon the report of a referee. The following facts appeared upon the trial, and were found by the referee:

That during the month of September, 1866, the plaintiffs were copartners, doing business in Maysville, in the State of Kentucky, under the firm name of Ricketts Brothers, and that Lewis M. Ricketts, one of the plaintiffs, was, at the time of the commencement of this action, a resident of this State; that the defendants were at the same time, a corporation duly incorporated by and under the laws of the State of Maryland, having an office in the city of New York; and were common carriers of goods for hire; that on or about the first day of September, in the year 1866, Lewis M. Ricketts, one of the plaintiffs herein, at the office of the defendants, No. 229 Broadway, in the city of New York, stated to the defendants' freight agent, that he was desirous of sending certain merchandise to the plaintiffs, at Maysville, Kentucky, and inquired at what rate the defendants would carry the same; the said freight agent replied, " at the rate of $1.51 (one dollar and fifty-one cents) per hundred pounds," and instructed the said plaintiffs to have the same marked " B. & O. Express, River," and to deliver the same at the office and freight depot of the Camden and Amboy Railroad Company, pier No. 1, North river, in the city of New York; that the said Lewis M. Ricketts thereupon instructed the firm of George Bliss & Co., of whom he had purchased for account of the plaintiffs the merchandise mentioned in the complaint, to mark such merchandise " B. & O. Express, River," and to send the same to the freight depot of the Camden and Amboy railroad, pier No. 1, North river, in the city of New York; that on the nineteenth day of September, in the year 1866, the said firm of George Bliss & Co. caused the said merchandise (the same being contained in one bale and one case) to be delivered by their carman, at the freight depot of the Camden and Amboy Railroad Company, pier No. 1, North river, in the city of New York, the

same being duly packed and marked in accordance with the defendants' instructions, as aforesaid, and addressed to the said plaintiffs, at Maysville, Kentucky; upon delivery thereof the said carman took from the person who received such merchandise, and carried back to said firm of George Bliss & Co., a document, partly printed and partly in writing, the material parts of which were as follows:

"Baltimore and Ohio Express route Bill of Lading. Camdem and Amboy Railroad and Transportation Company. Geo. B. Raymond, Freight Agent, Pier No. 1, North river, New York. Walter Freeman, Freight Agent, 226 South Delaware avenue, Philadelphia.

"In order to avoid detention of draymen, shippers are requested to fill up this bill of lading and invoice attached.

"No. 89.    New York, *September* 19, 1866.
 "Received of Geo. Bliss & Co.
    "One (1) case,
    "One (1) bale,
"Marked Ricketts Bro., Maysville, Ky.

"To be transported to Philadelphia, and there delivered to the agent of the Baltimore and Ohio Express Company, upon the following terms:

\*   \*   \*   \*   "And it is further agreed, that in case of any loss, detriment or damage done to or sustained by any of the property herein receipted for, whereby any legal liability or responsibility shall or may be incurred, that company shall alone be held answerable therefor in whose actual custody the same may be at the time of the happening of such loss, detriment or damage, and the amount of the loss or damage so accruing. \*   \*   \*   \*   It is understood that the shipper, in accepting this bill of lading, agrees to all its terms and conditions.   \*   \*   \*   \*   \*   \*   \*   \*

       "JAMES FITZPATRICK,
         "*For the Company.*

"Exchange this for time Balt. and Ohio Express bill of lading, at office, 229 Broadway, New York."

That the defendants are not the proprietors of any railroad, whose terminus is either in the city of New York, or at Maysville, Kentucky, but own and operate a railroad extending from Baltimore, in the State of Maryland, to Parkersburg, in the State of West Virginia, on the Ohio river.

That the defendants having carried the said merchandise safely to Parkersburg aforesaid, there delivered the same on board the steamboat St. Charles, bound down the Ohio river, and to Maysville, Kentucky, the proprietors of said steamboat being engaged in the transportation of freight as common carriers, between Parkersburg and Maysville aforesaid.

That the merchandise contained in the bale so shipped as aforesaid was duly received by the plaintiffs, but the case and its contents were never delivered to them.

That the above mentioned bill of lading was not exchanged for one of the defendants', nor was any bill of lading issued by the defendants for such merchandise.

The plaintiff also put in evidence, under the objection of the defendants, a bill of lading of the defendants, used by them during the year 1866, and issued by them for the merchandise which they undertook to carry beyond the terminus of their road, and containing a clause limiting their responsibility for the safety or safe carriage of goods to their own road, and providing that for all loss or damage occurring in the transit of such goods, the legal remedy should be against the particular carrier only in whose custody the same might actually be at the time of the happening thereof, and the referee found as matter of fact, that such bills of lading were used by the defendants in such cases at that time.

To the decision of the referee admitting this in evidence the defendant excepted, and also duly excepted to the finding based thereon and every part thereof.

The referee found the following conclusions of law:

1. That the defendant did not undertake or agree to carry the said merchandise from the city of New York to the city of Maysville.

Ricketts *v.* The Baltimore and Ohio Railroad Company.

2. That the defendants are not liable to the plaintiff for the loss of the said merchandise.

3. That the defendants are entitled to judgment, that the complaint be dismissed.

And ordered judgment for the defendant accordingly, with costs.

The plaintiffs also duly excepted to the foregoing conclusions of law and every separate part thereof.

*Charles F. Sanford,* for the appellants.

*John Slosson,* for the respondents.

Present—INGRAHAM, P. J.; BARNARD and CARDOZO, JJ.

By the Court—CARDOZO, J. What occurred between the plaintiffs and the defendants' freight agent did not amount to an agreement. The plaintiffs did not agree to ship any goods, and their sending property to the place designated some eighteen days afterward cannot be said to be an acceptance by them of what, putting what the freight agent said in the strongest light, was but an offer or proposition on the part of the defendant. (*The Chicago Railway, &c., v. Lane, &c.,* 43 N. Y., 240.) When, therefore, on the 19th of September, the plaintiffs, through Bliss & Co., shipped the goods in question and took the receipt, which they put in evidence, the contract, whatever it was, was made. That contract was contained in the receipt, and by the express terms of it, it was agreed that that company should alone be held answerable in whose actual custody the property should be at the time of the happening of loss, detriment or damage; and as the fact was shown that the loss happened after the property had been delivered by the defendant to the steamboat running between Parkersburg and Maysville, the judgment should be affirmed.

Judgment affirmed.