JOSEPH RAFOLOVITZ, Appellant, *v.* THE AMERICAN TOBACCO COMPANY, Respondent.

*Demurrer — assumption that the complaint correctly states the facts as to the consideration of a contract — mutuality of contract necessary.*

Upon the review of a decision rendered upon the argument of a demurrer interposed to a complaint, it must be assumed that the complaint correctly states the facts, and that presumption attaches to its statement as to what constituted the consideration of an agreement, upon which the action was brought, as well as to its allegations in respect to other features thereof.

An agreement was made whereby the defendant promised, in consideration that the plaintiff would purchase and sell a certain cigarette manufactured by it, that the defendant would allow and pay him as a compensation or commission for said purchase of cigarettes, twenty cents on every 1,000 thereof manufactured by the defendant and purchased by the plaintiff between certain dates, no other consideration being stated in the agreement, and thereafter the plaintiff did purchase a large number of cigarettes, upon which purchase the defendant paid the promised commissions and thereafter refused to sell any more cigarettes to the plaintiff.

*Held*, that as there was no mutuality of contract the agreement was not enforcible, that it would have been otherwise had the plaintiff bound himself to purchase a given number of cigarettes.

APPEAL by the plaintiff, Joseph Rafolovitz, from a judgment of the Supreme Court in favor of the defendant dismissing the plaintiff's complaint, entered in the office of the clerk of the city and county of New York on the 3d day of February, 1893, upon a decision of the court made after a trial at the New York Special Term, with notice of an intention to bring up for review on such appeal the interlocutory judgment entered in said clerk's office on the 13th day of January, 1893, and the order or findings sustaining the demurrer to the plaintiff's complaint, entered in said clerk's office on the 11th day of January, 1893.

*Charles F. Holm*, for the appellant.

*Oudin & Oakley*, for the respondent.

PARKER, J.:

This case was well disposed of at the Special Term, and the argument supporting the disposition made was so fully presented as to render further consideration of the question discussed unnecessary.

The appellant now makes a point which does not seem to have been addressed to the Special Term, and in order to meet it it will be necessary to state briefly the conclusion reached by that court.

The pleader attempted to allege two distinct causes of action founded on two separate contracts. But while there were two contracts, they were in the same form, and but one need be quoted. As alleged it reads : " On or about the 10th day of April, 1892, the defendant and Joseph Rafolovitz & Son  *  *  *  entered into an agreement or contract whereby and wherein the defendant promised and agreed, in consideration that said Joseph Rafolovitz & Son would purchase and sell a certain cigarette manufactured by defendant, that he, the defendant, would allow and pay them as a compensation or commission for said purchase of cigarettes twenty cents on every thousand of said cigarettes manufactured by defendant and purchased by said Joseph Rafolovitz & Son, between the 10th day of April, and the 1st day of October, 1892."

It seems that Joseph Rafolovitz & Son did thereafter purchase nearly 200,000 cigarettes, upon which purchase the defendant paid the promised commissions. Then it refused to sell to plaintiff any more cigarettes, hence this action.

The court held that there was no mutuality of contract, and, therefore, not enforcible. That it would have been otherwise had the plaintiff bound himself to have purchased a given quantity of cigarettes.

That under the agreement, as alleged, it was optional with the plaintiff to purchase cigarettes or not. If, after making it, he had refused to take any, or after taking a few thousand, had declined to purchase others, the defendant could not have compelled him either to take cigarettes or respond in damages for not doing so. And as he made no promise, there was no basis for a consideration for the promise of the other party to the alleged agreement. In support of such position the court cited *Chicago & Great Eastern Ry. Co.* v. *Dane* (43 N. Y. 240) and *Hurd* v. *Gill* (45 id. 341).

Appellant insists that *Wells* v. *Alexander* (130 N. Y. 642) upholds the agreement which he alleges, but we do not so understand it.

There the plaintiff proposed to furnish defendant's steamers, naming them, with coal, at a price named, for the period of one year.

The defendant accepted the offer, and thereafter plaintiff furnished to the defendant such quantity of coal as was required for the use of the steamships, until the defendant sold them.   It was held that the proposal and acceptance, both of which were in writing, constituted a valid contract, there being entire mutuality, because one promised to take and pay for all that the other agreed to sell and deliver.   The principal contention of the defendant in that case was, that the contract was one for successive deliveries of coal, to be made only when the defendant should give the plaintiff notice that a delivery was required, and as notice had not been given, the defendant was not in default.   It was held that while at the date of the agreement the quantity was indefinite, it was nevertheless determinable by the terms of the contract, and, therefore, within the maxim " *Certum est quod, certum reddi potest ;* " the necessity for notice was doubted, and it was asserted that if notice was required, a covenant on the part of the defendant to give it would be inferred, for otherwise the contract would be unreasonable, and place one of the parties entirely at the mercy of the other.

It will be seen, therefore, that the questions presented for decision in the two cases are entirely different.

The appellant calls our attention to a number of cases in which courts, having in mind the peculiar facts of the cases under consideration, have said that upon a demurrer the consideration will be implied, and another line of cases holding that a consideration may be shown by extrinsic evidence, but those cases are not applicable here because the complaint undertakes to state the consideration.

It avers that the consideration moving to defendant was that Joseph Rafolovitz & Son would purchase and sell a certain cigarette manufactured by defendant.   But, as stated, there was no promise on the part of Joseph Rafolovitz & Son to purchase cigarettes, which was enforcible by defendant, and, therefore, it did not furnish a consideration for the defendant's promise.   Undoubtedly, if there had been some other consideration for defendant's promise, moving from Joseph Rafolovitz & Son, defendant's agreement could have been enforced, notwithstanding the absence of an obligation on the part of the plaintiff to purchase cigarettes.

FIRST DEPARTMENT, NOVEMBER TERM, 1893.     [Vol. 73.

So if the complaint had alleged that the agreement pleaded was founded upon a good and sufficient consideration, some of the cases to which the appellant calls our attention would be applicable. Under such an allegation the plaintiff upon trial would be permitted to show by extrinsic evidence the consideration for defendant's promise. (*Hurd* v. *Gill*, 45 N. Y. 341.)

This was not done, presumably because it was not the fact. It must be assumed that the complaint correctly states the facts. And that presumption attaches to its statement as to what constituted the consideration, as well as its allegations in respect to the other features of the agreement.

In disposing of the demurrer, therefore, it could not be inferred that some other consideration than that alleged in the complaint existed in fact, or could be proved on the trial.

The sufficiency of the alleged consideration was adequately discussed at Special Term, and with the conclusion reached we agree.

The judgment should be affirmed, with costs, but with leave to the plaintiff, on payment of the costs so far awarded against him, to amend his complaint within twenty days after service of notice of the entry of the order of affirmance.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs, but with leave to the plaintiff, on payment of the costs so far awarded against him, to amend his complaint within twenty days after service of notice of the entry of the order of affirmance.