## AUTOMATIC VENDING CO. v. HEINS.

(Supreme Court, Appellate Term.   November, 1902.)

1. CONTRACT—MUTUALITY.
   A contract whereby, in consideration of receiving 30 per cent. of the gross receipts, defendant agreed to give plaintiff the exclusive right to place one automatic penny in the slot weighing machine on his premises for a period of one year, was unilateral as not requiring plaintiff to place or maintain the machine there.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the Automatic Vending Company against August Heins. Judgment for plaintiff, and defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and BLANCHARD and MacLEAN, JJ.

G. T. Donnell, for appellant.

Sheehan & Collin, for respondent.

BLANCHARD, J.   Plaintiff recovered a judgment of six cents damages for a violation of the following paper writing:

"Automatic Vending Company, 240 West 23rd Street, New York.

"Contract.

"Machine Company, February 16, 1902.

"In consideration of receiving thirty per cent. of the gross receipts of the machine I/we Heins hereby agree to give Automatic Vending Company the exclusive right to place one automatic penny-in-the-slot weighing machine in a prominent location, to be approved by the said company, 802 Col. Ave. for a period of one year.   Said right to continue thereafter until a notice in writing of at least thirty days has been given to the Automatic Vending Company for its removal.                     August Heins, 802 Col. Ave.

"This machine is the property of the Automatic Vending Company and any sale or other disposal of it is larceny, and will be prosecuted accordingly."

From this judgment defendant has appealed.   It would seem that this case was in the nature of a test of the validity of the writing set forth.

There is some dispute as to the precise nature of this writing, whether it be a license revocable at the will of the defendant, or a license revocable only after a fixed period of time, or a contract.   Whatever the paper may be termed, it does contain a clause binding the defendant to keep the plaintiff's machine for one year.   However, it is unnecessary to the determination of this appeal to pass upon the precise nature of the paper writing.   Its effect was simply to bind the defendant to maintain plaintiff's machine on his premises, and there

was no corresponding obligation on the part of the plaintiff. There was no obligation on plaintiff's part to even place the machine on defendant's premises, and, even if placed there, there was no obligation to continue it. The paper was unilateral; there was no mutuality, and, therefore, it was not enforceable by either party. Chicago & G. E. R. R. Co. v. Dane, 43 N. Y. 240; Rafolovitz v. American Tobacco Co. (Sup.) 23 N. Y. Supp. 274, affirmed 73 Hun, 87, 88, 25 N. Y. Supp. 1036; Hurd v. Gill, 45 N. Y. 341, 343; Wilkinson v. Heavenrich, 58 Mich. 574, 26 N. W. 139, 55 Am. Rep. 708; American Cotton Oil Co. v. Kirk, 15 C. C. A. 540, 68 Fed. 791, 794; B. & O. R. R. Co. v. Potomac Coal Co., 51 Md. 327, 34 Am. Rep. 316.

It may be said that the clause giving 30 per cent. of the profits to the defendant was a consideration making the paper binding, but this only accrued in the event the machine was placed on defendant's premises and retained there, and the retention of the machine was optional with the plaintiff. The judgment should be reversed, with costs, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, with costs, and new trial ordered, with costs to appellant to abide event. All concur.