OSCAR SCHLEGEL MANUFACTURING COMPANY, Respondent, *v.* PETER COOPER'S GLUE FACTORY, Appellant.

**Contract — alleged contract consisting solely of letter written by defendant to plaintiff — such contract void and invalid for lack of mutuality and consideration.**

Where an alleged contract consisted solely of a letter written by the sales manager of the defendant company to the plaintiff company stating in substance that defendant had entered plaintiff's contract for its requirements of glue for a designated year at a specified price, deliveries to be made during the year as ordered, at the bottom of which letter the president of the plaintiff wrote, "Accepted, Oscar Schlegel Manufacturing Company," and returned it to the defendant, there was no contract for a breach of which a recovery can be had. Such alleged contract was invalid because it lacked mutuality and had no express consideration nor any mutual promises from which such consideration might be inferred. The plaintiff did not agree to do or refrain from doing anything. The only obligation assumed by it was to pay a certain price per pound for glue if any should be ordered. The agreement was not under seal, and, therefore, fell within the rule that a promise not under seal by one party, with none by the other, is void. Unless both parties to a contract are bound, so that either can sue the other for a breach, neither is bound.

*Schlegel Mfg. Co.* v. *Cooper's Glue Factory*, 189 App. Div. 843, reversed.

(Argued June 8, 1921; decided July 14, 1921. )

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 27, 1919, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. •

*Ralph S. Kent* for appellant. The alleged contract sued upon is unenforceable for lack of mutuality, and, therefore, a cause of action founded on it must fail. (*Wood* v. *Duff-Gordon*, 222 N. Y. 88; *Dodge* v. *Zimmer*, 110 N. Y. 43; *Woolsey* v. *Funke*, 121 N. Y. 87; *Nichols* v. *Sands*, 131 N. Y. 19; *Comcl. Wood & Cement Co.* v. *N. P. C. Co.*, 115 App. Div. 388; *Jackson* v. *P. C. Co.*, 122 App. Div. 345; *Rafalowitz* v. *Am. Tobacco Co.*, 73

Hun, 57; *C., etc., R. R. Co.* v. *Dane*, 43 N. Y. 230; *Hurd* v. *Gill*, 45 N. Y. 341; *Levin* v. *Dietz*, 194 N. Y. 376.)

*Samuel J. Reid* for respondent. The contract was valid and binding on both parties. (*Barton* v. *MacLean*, 5 Hill, 256; *Baldwin* v. *Humphrey*, 44 N. Y. 609; *Butler* v. *Thompson*, 92 U. S. 412; *Booth* v. *Cleveland Mill Co.*, 74 N. Y. 15; *Ehrenworth* v. *Stuhmer & Co.*, 229 N. Y. 210; *N. Y. C. Iron Works* v. *U. S. Radiator Co.*, 174 N. Y. 331.)

McLaughlin, J. Action to recover damages for alleged breach of contract. The complaint alleged that on or about December 9, 1915, the parties entered into a written agreement by which the defendant agreed to sell and deliver to the plaintiff, and the plaintiff agreed to purchase from the defendant, all its " requirements " of special BB glue for the year 1916, at the price of nine cents per pound. It also alleged the terms of payment, the manner in which the glue was to be packed, the place of delivery, the neglect and refusal of defendant to make certain deliveries, and the damages sustained, for which judgment was demanded. The answer put in issue the material allegations of the complaint. At the trial a jury was waived and the trial proceeded before the trial justice. At its conclusion he rendered a decision awarding the plaintiff a substantial amount. Judgment was entered upon the decision, from which an appeal was taken to the Appellate Division, first department, where the same was affirmed, two of the justices dissenting. The appeal to this court followed.

I am of the opinion the judgment appealed from should be reversed, upon the ground that the alleged contract, for the breach of which a recovery was had, was invalid since it lacked mutuality. It consisted solely of a letter written by defendant to plaintiff, the material part of which is as follows:

" Gentlemen.— We are instructed by our Mr. Von Schuckmann to enter your contract for your requirements

of 'Special BB' glue for the year 1916, price to be 9c per lb., terms 2% 20th to 30th of month following purchase. Deliveries, to be made to you as per your orders during the year and quality same as heretofore. Glue to be packed in 500 lb. or 350 lb. barrels and 100 lb. kegs, and your special Label to be carefully pasted on top, bottom and side of each barrel or keg.   *   *   *

"PETER COOPER'S GLUE FACTORY,
"W. D. DONALDSON,
"Sales Manager."

At the bottom of the letter the president of the plaintiff wrote: "Accepted, Oscar Schlegel Manufacturing Company," and returned it to the defendant.

The plaintiff, at the time, was engaged in no manufacturing business in which glue was used or required, nor was it then under contract to deliver glue to any third parties at a fixed price or otherwise. It was simply a jobber, selling, among other things, glue to such customers as might be obtained by sending out salesmen to solicit orders therefor. The contract was invalid since a consideration was lacking. Mutual promises or obligations of parties to a contract, either express or necessarily implied, may furnish the requisite consideration. The defect in the alleged contract here under consideration is that it contains no express consideration, nor are there any mutual promises of the parties to it from which such consideration can be fairly inferred. The plaintiff, it will be observed, did not agree to do or refrain from doing anything. It was not obligated to sell a pound of defendant's glue or to make any effort in that direction. It did not agree not to sell other glue in competition with defendant's. The only obligation assumed by it was to pay nine cents a pound for such glue as it might order. Whether it should order any at all rested entirely with it. If it did not order any glue, then nothing was to be paid. The agreement was not under seal, and, therefore, fell

within the rule that a promise not under seal made by one party, with none by the other, is void. Unless both parties to a contract are bound, so that either can sue the other for a breach, neither is bound. (*Grossman* v. *Schenker*, 206 N. Y. 466; *Levin* v. *Dietz*, 194 N. Y. 376; *Chicago & Gt. E. Ry. Co.* v. *Dane*, 43 N. Y. 240; *Hurd* v. *Gill*, 45 N. Y. 341; *Commercial Wood & Cement Co.* v. *Northampton Portland Cement Co.*, 115 App. Div. 388; *Jackson* v. *Alpha Portland Cement Co.*, 122 App. Div. 345; *Crane* v. *Crane & Co*, 105 Fed. Rep. 869; Williston on Contracts, sec. 104.) Had the plaintiff neglected or refused to order any glue during the year 1916, defendant could not have maintained an action to recover damages against it, because there would have been no breach of the contract. In order to recover damages, a breach had to be shown, and this could not have been established by a mere failure on the part of the plaintiff to order glue, since it had not promised to give such orders.

There are certain contracts in which mutual promises are implied: Thus, where the purchaser, to the knowledge of the seller, has entered into a contract for the resale of the article purchased (*Shipman* v. *Straitsville Central Mining Co.*, 158 U. S. 356); where the purchaser contracts for his requirements of an article necessary to be used in the business carried on by him (*Wells* v. *Alexandre*, 130 N. Y. 642); or for all the cans needed in a canning factory (*Dailey Co.* v. *Clark Can Co.*, 128 Mich. 591); all the lubricating oil for party's own use (*Manhattan Oil Co.* v. *Richardson Lubricating Co.*, 113 Fed. Rep. 923); all the coal needed for a foundry during a specified time (*Minnesota Lumber Co.* v. *Whitebreast Coal Co.* (160 Ill. 85); all the iron required during a certain period in a furnace (*National Furnace Co.* v. *Keystone Mfg. Co.*, 110 Ill. 427); and all the ice required in a hotel during a certain season (*G. N. Railway Co.* v. *Witham*, L. R. 9 C. P. 16). In cases of this character, while the quantity of the article contracted to be sold is indefinite, nevertheless

there is a certain standard mentioned in the agreement by which such quantity can be determined by an approximately accurate forecast. In the contract here under consideration there is no standard mentioned by which  the quantity of glue to be furnished can be determined with any approximate degree of accuracy.

The view above expressed is not in conflict with the authorities cited by the respondent. Thus, in *N. Y. C. Iron Works Co.* v. *U. S. Radiator Co.* (174 N. Y. 331), principally relied upon and cited in the prevailing opinion at the Appellate Division, "the defendant bound the plaintiff to deal exclusively in goods to be ordered from it under the contract, and to enlarge and develop the market for the defendant's wares so far as possible."

In *Fuller & Co.* v. *Schrenk* (58 App. Div. 222; affd., 171 N. Y. 671) the contract provided: "It is hereby agreed that in consideration of W. P. Fuller & Co. buying *all* their supply of German Mirror Plates from the United Bavarian Looking Glass Works, for a period of six months from this date, the said United Bavarian Looking Glass Works" agrees to sell certain mirrors at specified prices.

In *Wood* v. *Duff-Gordon* (222 N. Y. 88) the plaintiff was to have, for the term of one year, the exclusive right to place defendant's indorsement on certain designs, in return for which she was to have one-half of all the profits and revenue derived from any contracts he might make. The point was there made, as here, that plaintiff did not promise that he would use reasonable efforts to place defendant's indorsement and market her designs, but this court held that such a promise was fairly to be implied; that when defendant gave to the plaintiff an exclusive privilege for a period of one year, during which time she could not place her own indorsements, or market her own designs, except through the agency of the plaintiff, that the acceptance of such an exclusive agency carried with it an assumption of its duties.

In *Ehrenworth* v. *Stuhmer & Co.* (229 N. Y. 210)

defendant and its predecessor were desirous of obtaining a market for a particular kind of bread-which it manufactured. In order to accomplish this purpose it was agreed that plaintiff should purchase and defendant sell *all* the bread of the kind specified which plaintiff required in a certain locality and pay therefor a price specified in the agreement. The plaintiff also agreed he would not sell any other bread of that kind on that route during the life of the contract, which was to continue so long as the parties remained in business. This contract, it will be noticed, specified the articles to be sold, the price to be paid, the quantity to be furnished, and the term of the contract, during which time plaintiff agreed not to sell any other bread of the kind named in that territory.

In the instant case, as we have already seen, there was no obligation on the part of the plaintiff to sell any of the defendant's glue, to make any effort towards bringing about such sale, or not to sell other glues in competition with it. There is not in the letter a single obligation from which it can fairly be inferred that the plaintiff was to do or refrain from doing anything whatever.

The price of glue having risen during the year 1916 from nine to twenty-four cents per pound, it is quite obvious why orders for glue increased correspondingly. Had the price dropped below nine cents it may fairly be inferred such orders would not have been given. In that case, if the interpretation put upon the agreement be the correct one, plaintiff would not have been liable to the defendant for damages for a breach, since he had not agreed to sell any glue.

The judgments of the Appellate Division and trial court should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., HOGAN, POUND, CRANE and ANDREWS, JJ., concur; CHASE, J., deceased.

Judgments reversed, etc.