EDWARD GOLDFIELD and Another, Doing Business under the Firm Name and Style of GOLDFIELD & NEWMAN, Respondents, *v.* F. A. FOSTER & Co., INC., Appellant.

First Department, January 10, 1930.

*William O. Gennert* of counsel [*Maxwell Slade* with him on the brief; *Henry G. Gennert*, attorney], for the appellant.

*Joseph P. Segal* of counsel [*I. Gainsburg*, attorney], for the respondents.

PROSKAUER, J. The defendant appeals from an order denying its motion to dismiss the complaint for insufficiency.

The plaintiffs sue upon an alleged agreement between themselves

and the defendant, by which the defendant was to sell to the plaintiffs all their requirements of a special and unique fabric and was to sell this fabric to no other purchaser engaged in a line of business similar to that of the plaintiffs. In the complaint it is specifically alleged that the defendant agreed to sell merchandise to the plaintiffs. There is no allegation whatever that the plaintiffs agreed to buy. The agreement is described as one " whereby the said defendant agreed to manufacture for, sell and deliver to the plaintiffs exclusively, for such purposes, all of such special fabrics that the plaintiffs would need from time to time during the remainder of the said year of 1928." Similar language is employed with respect to the extension of the agreement for the year 1929. In form the allegations of the complaint describe a *nudum pactum* and not a contract. A plaintiff should plead the essentials of a valid agreement. We are not here concerned with the interpretation of a piece of written evidence, such as was before the court in the case of *Wood* v. *Duff-Gordon* (222 N. Y. 88). There the complaint alleged a valid contract and the court held that, while the writing introduced in evidence on the trial did not contain express words of agreement to purchase, an inference thereof could be drawn from its language. It does not follow that a similar inference should be drawn wherever a plaintiff alleges in a pleading merely an agreement on the part of the defendant to sell. If there was a valid contract made, there is no reason why the plaintiff should not concisely allege it.

The complaint is attacked further on the ground that it lacks an allegation of price at which the merchandise was to be sold and that it is inadequate in its allegations that the plaintiffs had fixed requirements for the merchandise in question, which would bring the contract within the principle of *Schlegel Mfg. Co.* v. *Cooper's Glue Factory* (231 N. Y. 459). As the plaintiffs have leave to plead over, we do not deem it necessary to discuss these objections, which can probably be obviated in an amended complaint.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to plaintiffs to serve an amended complaint on payment of said costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiffs to serve an amended complaint within twenty days from service of order upon payment of said costs.