MURRAY COWAN et al., Appellants, v. MAYNARD DE WITT, Respondent.— Plaintiffs appeal from an order of the Supreme Court, entered in Ulster County on January 27, 1954, setting aside the verdict of a jury in favor of plaintiffs, dismissing the complaint on the merits and directing a verdict in favor of the defendant, and from the judgment entered thereon. Plaintiffs alleged two causes of action seeking to recover damages for expenses incurred and loss of profits from the sale of homes to be built on lands owned by plaintiffs because of defendant's alleged refusal to furnish water for the houses after agreeing to do so. The first cause of action was for fraud, alleging false representations with respect to furnishing water. The trial court dismissed this cause of action at the close of the plaintiffs' case. The most favorable view of plaintiffs' evidence discloses at most a promise to furnish water in the future with no proof of any misrepresentation of an existing fact and no proof that defendant gained or obtained anything from the plaintiffs. That cause of action was properly dismissed for lack of proof. The second cause of action was in contract and alleged, in substance, the breach of an agreement by defendant to furnish water for the houses to be built by plaintiffs to plaintiffs' damage. At the close of the evidence the trial court reserved decision on defendant's motion for a directed verdict, and submitted the case to the jury subject to such reservation. Subsequently the court set aside a verdict in favor of plaintiffs and granted the motion. The motion was granted on the ground that the purported oral contract lacked mutuality of obligation, the court pointing out that there was no evidence that plaintiffs agreed to build any houses or to purchase any water, and concluded that there was nothing for which the defendant could sue the plaintiffs in the event that they did not proceed with their plans, and that therefore the contract was unenforcible by either party. (*Schlegel Mfg. Co.* v. *Cooper's Glue Factory,* 231 N. Y. 459.) The dismissal of the complaint need not rest upon this ground alone. Plaintiffs built only one house, for which water was furnished by defendant. After lengthy delay defendant withdrew any offer to furnish water. Construction had not started on any additional houses. Viewing the evidence in the light most favorable to the plaintiffs, the only possible offer which may be spelled out of the general and indefinite conversations between the parties is an offer to furnish water to completed houses which plaintiffs " contemplated "

building. There is no evidence whatever of any agreement to furnish water for vacant lots, or of a noncancelable agreement to furnish water for houses which might be constructed at some remote future time. We think the trial court properly held that the evidence did not establish any enforcible contract as a matter of law. Orders and judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [205 Misc. 130.]