Miles F. McDonald, J.
The defendant Byrne and the defendants Donovan and Thomas each move this court for an order pursuant to rule 106 of the Buies of Civil Practice dismissing the first, second and third causes of action set forth in the amended complaint on the ground that each of them fails to state a cause of action against the said defendants. Plaintiff seeks to recover judgment against the three defendants for an alleged breach of contract.
Defendant Byrne and the Bay Bidge Amusement Co. entered into an agreement, dated August 1, 1955, whereby said defend *1067 ant authorized the Amusement Company to install a coin-operated machine at the premises occupied by said defendant upon certain terms and conditions set forth in said agreement, a copy of which is annexed to and made part of the amended complaint. The agreement was assigned to the plaintiff and thereafter defendant Byrne sold her business and fixtures to the defendants Donovan and Thomas-.
The first and second causes of action are against the defendant Byrne only. The third cause of action is against all of the defendants and in substance alleges that the defendants failed to comply with the Bulk Sales Law (Personal Property Law, § 44) by failing to give at least 10 days’ notice to every creditor of the seller of the proposed sale and the terms thereof before the purchasers took possession of the property sold.
The defendants contend that the alleged agreement lacks mutuality and is therefore unenforcible; that plaintiff is not a creditor within the meaning of section 44 of the Personal Property Law, and that the contract entered into between the parties is a license and, as such, was nonassignable.
Where a contract is annexed to and made part of a complaint, the rights and duties of the parties must be determined by the terms of the contract rather than the characterization or construction thereof by the pleader (Deutinger v. Fleischmann, 132 N. Y. S. 2d 407).
Paragraph 1 of the agreement commences with the words “ The proprietor authorizes the Operator to install one (1) coin operated amusement game at the above address of the Proprietor whose signature appears below, or any other premises where the Proprietor may move his business.” The word ‘1 authorized ” is a word of permission merely, and generally has that sense when used in contracts in private affairs (People ex rel. Hilliker v. Pierce, 64 Misc. 627, 632-633). While such agreement authorizes the Amusement Company to install a machine and maintain same, there is no obligation on the part of the operator to install a machine. Unless both parties to a contract are bound neither is bound (Schlegel Mfg. Co. v. Cooper’s Glue Factory, 231 N. Y. 459; Topken, Loring & Schwartz v. Schwartz, 249 N. Y. 206; Strobe v. Netherland Co., 245 App. Div. 573). Nor does the fact that the Amusement Company installed the machine and the parties acted under the agreement, make such agreement valid as to the executory portion thereof (Strobe v. Netherland Co., supra).
From a reading of the contract one is compelled to conclude that the language used in the agreement was specifically intended to impose an obligation on the defendant and not *1068 to impose an obligation on the part of the Amusement Company. Were this not so, the agreement could and should have stated in the first paragraph thereof that “ the Operator agrees to install, ’ ’ in which event the paragraph would read as follows:
“ 1. The Proprietor authorizes the Operator to install and the Operator agrees to install one (1) coin operated amusement game,” etc.
Such failure to include any covenant to install a machine evinces the intent of the draftsman to avoid the liabilities incident thereto. Since the agreement was drawn by the Amusement Company it must be strictly construed against the drawer and any ambiguity should be resolved against it.
In Automatic Vending Co. v. Heins (39 Misc. 788, 789) in construing the legal effect of a similar agreement, the court stated: “ Its effect was simply to bind the defendant to maintain plaintiff’s machine on his premises, and there was no corresponding obligation on the part of the plaintiff. There was no obligation on plaintiff’s part to even place the machine on defendant’s premises, and even if placed there, there was no obligation to continue it. The paper was unilateral; there was no mutuality, and therefore, it was not enforcible by either party.” (See Lincoln Service v. Rivera, 187 Misc. 607; Dennis Realty Corp. v. Twersky, 190 Misc. 936, 940-941.)
While the determination of the court adverse to the plaintiff on the first and second causes of action renders a decision academic as to the third cause of action, nevertheless the questions involved seem worthy of determination.
The plaintiff claims that it is a creditor of the defendants within the meaning of section 44 of the Personal Property Law and that this section was violated. It is well to note that there is no allegation in the complaint that prior to said sale and transfer on July 17, 1956 or that on said date the plaintiff was a creditor of the seller Byrne or that Byrne was indebted to the plaintiff. If, at the time of the sale, the terms of the contract were being carried out, plaintiff was not a creditor and cannot claim any remedy pursuant to section 44 of the Personal Property Law. In American Mercantile Co. v. Wohlmuth (280 App. Div. 571, 572) the court stated: “ The law is well settled that section 44 of the Personal Property Law inures to the sole benefit of those who were creditors at the time of the transfer of the goods in bulk (Apex Leasing Co. v. Litke, 173 App. Div. 323, affd. 225 N. Y. 625; Himmelstein v. Bach, 261 App. Div. 57). The complaint alleges that the plaintiff Ida Sanger is such a creditor. She is the only person alleged to have been a creditor at the time of the transfer. Her right to maintain *1069 the action has not been challenged by defendants.” (See Modern Truck Renting Service Corp. v. Admiration Coat, Apron & Towel Supply Co., 107 N. Y. S. 2d 253, affd. 279 App. Div. 754; Adams-Flanigan Co. v. Di Donato, 180 App. Div. 342; Goros v. T. & F. Snack Bar, 145 N. Y. S. 2d 582.)
After carefully reading the complaint and the agreement annexed to and made part thereof, the court is of the opinion that the contract upon which the action is based lacked mutuality and is therefore unenforcible and that the plaintiff was not a creditor within the meaning of section 44 of the Personal Property Law at the time of the sale from the defendant Byrne to the defendants Donovan and Thomas.
Accordingly, the motion to dismiss the first, second and third causes of action is granted with leave to the plaintiff to serve an amended complaint, if so advised, within 10 days after service of the order to be entered herein.
Settle order.