■ BALSAM FARM, INC., Respondent, v. EVERGREEN DAIRIES, INC., Appellant.— In an action to recover damages for breach of a written contract, the appeal, by permission of this court, is from an order of the Appellate Term which (1) reversed an order of the City Court of the City of New York, Kings County, granting a motion to dismiss the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4), and (2) denied the motion to dismiss the complaint. It is claimed the contract was unenforcible for lack of mutuality. Order of the Appellate Term reversed and motion to dismiss the complaint granted, with costs in all courts. By the provisions of the contract, respondent agreed to bottle "the milk supplied by" appellant. There was no provision requiring appellant to supply any quantity of milk, nor could the contract be construed to contain such a provision by implication. The contract was, therefore, unenforcible (*Schlegal Mfg. Co.* v. *Cooper's Glue Factory*, 231 N. Y. 459). The rules relating to exclusive agency contracts (*Wood* v. *Duff-Gordon*, 222 N. Y. 88), contracts of hiring (*Moran* v. *Standard Oil Co.*, 211 N. Y. 187), and output or requirements contracts (*Atlantic Metal Prods.* v. *Minskoff*, 267 App. Div. 1002, affd. 295 N. Y. 566) are not applicable. The contract, lacking mutuality of obligation, may not be held enforcible merely because, in form, it appeared to consist of an offer and an acceptance (*Chicago & Great Eastern Ry. Co.* v. *Dane*, 43 N. Y. 240). Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ CITY UNDERWRITING AGENCY, INC., Appellant-Respondent, v. BULOVA WATCH COMPANY, INC., Respondent-Appellant.— Action by a licensed insurance brokerage agency against an insured, for which the agency procured two policies of insurance, to recover as damages the amount of commission the agency would have earned if the policies had not been cancelled, or the reasonable value of the services rendered in procuring the policies. The appeals are from an order of the Appellate Term, by permission of that court, which (1) reversed an order of the City Court of the City of New York, Queens County, granting the agency's motion for summary judgment and the judgment entered thereon, (2) denied the motion for summary judgment, and (3) dismissed the appeal from an order dated April 11, 1957 denying in part a motion to resettle the order dated March 25, 1957. The agency appeals from so much of the order of the Appellate Term as reversed the order dated March 25, 1957 and the judgment entered thereon, and denied its motion for summary judgment. The insured appeals from so much of the order of the Appellate Term (designated in the notice of appeal as a determination, order and judgment) as failed to grant summary judgment in its favor and as dismissed the appeal from the order dated April 11, 1957. Order of the Appellate Term modified on the law by striking therefrom the word "denied" and by substituting therefor the words "striking out the answer denied, and summary judgment dismissing the complaint granted." As so modified, order unanimously affirmed, with costs in all courts to respondent-appellant. In our opinion, respondent-appellant is entitled to judgment dismissing the complaint despite the absence of a cross motion on its behalf. (Rules Civ. Prac., rule 113.) Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfield, JJ.