**ROBERT L. HAAG, INC.,**
**Plaintiff-Appellant,**

v.

**SWIFT & COMPANY,**
**Defendant-Appellee.**

**No. 429, Docket 82–7122.**

United States Court of Appeals, Second Circuit.

Argued Nov. 29, 1982.

Decided Dec. 15, 1982.

Norman L. Faber, New York City (Hall, Dickler, Lawler, Kent & Howley, New York City, on the brief), for plaintiff-appellant.

Albert N. Podell, New York City (Alfred T. Lee, Milgrim Thomajan Jacobs & Lee P.C., New York City, on the brief), for defendant-appellee.

Before LUMBARD, MANSFIELD, and KEARSE, Circuit Judges.

PER CURIAM:

Plaintiff Robert L. Haag, Inc. ("Haag"), appeals from a judgment of the United States District Court for the Southern District of New York, 530 F.Supp. 515, Constance Baker Motley, then *Judge,* now *Chief Judge,* entered pursuant to Fed.R. Civ.P. 54(b), dismissing so much of its complaint as alleged breach of contract by defendant Swift & Company ("Swift"). The district court granted Swift's motion for summary judgment on the ground that, because the contract provided that Swift could not recover damages from Haag in the event of the latter's breach of the contract, the contract was unenforceable for lack of consideration. We reverse.

The 1977 agreement between Haag and Swift provided that Haag, a marketing specialist, would provide, in a designated geographical area ("Area I"), certain distribution and promotional services to Swift, a manufacturer of various foodstuffs, and that Haag would include in its marketing program no meat products of manufacturers other than Swift. In return Swift was to pay Haag $5,000 per month until its participation in the program was expanded to "Area II," following which the amount of its payments was to be increased. Paragraph IV of the contract provided as follows:

> IV. Cancellation
>
> A ninety (90) days notice of cancellation may be sent by either party, but only after Swift & Company has participated in Area II for at least twelve (12) months. Such twelve (12) month period shall begin on the date given in the Distributor Commitment letter as the commencement date of Swift's participation in Area II. Cancellation is effective at the end of the month following the ninety (90) days notice.

Most importantly, for purposes of the present appeal, paragraph VI provided as follows:

> VI. Damages
>
> Neither party shall be liable to the other party for damages arising from or due to the breach of this agreement except for the payments Swift & Company is obligated to make to Robert L. Haag, Inc. under paragraph II above.

In July 1979 Swift gave Haag notice of termination of the contract, and ceased its payments to Haag as of the end of November 1979. Haag, contending that Swift was not entitled to terminate because it had not participated in Area II, commenced the present action to recover damages and other relief for breach of contract and unfair competition.

Swift moved for summary judgment dismissing the complaint on a variety of bases, including the ground that the contract was unenforceable for lack of mutuality. While finding that issues of fact prevented the entry of summary judgment on other grounds, the district court granted partial summary judgment on the mutuality issue and dismissed the contract claim. Without discussion of the possible availability of equitable relief, the court concluded that the unavailability of damages to Swift meant that Swift could in no way enforce the contract against Haag. Opinion dated January 8, 1982 ("Opinion"), at 6. Relying on *Oscar Schlegel Mfg. Co. v. Cooper's Glue Factory,* 231 N.Y. 459, 132 N.E. 148 (1921), and its progeny, the court ruled the contract unenforceable for lack of consideration. We disagree.

The authorities relied on by the district court hold that a contract is unenforceable when it lacks mutuality of obligation. That is, if one party provides no enforceable consideration for the agreement, it may not enforce the agreement against the other party. Swift argues that the contract at issue here is essentially a personal service contract performable only by Haag's president and "alter ego," and that specific performance of the contract thus could not be obtained by Swift. Since damages are made unavailable by the contract itself, Swift argues that it has no remedies for any breach by Haag. Even if Swift's "alter ego" premise were correct, however, Swift's contention that the contract is totally unenforceable by Swift runs aground on the fact

that the contract provided that Haag would include in its distribution program meat products of no manufacturer other than Swift. The grant of an exclusive right to Swift, being a promise to the detriment of Haag as obligor, constituted consideration; and Swift concedes that it would probably be able to obtain injunctive relief against breach of this obligation. (Swift's Brief on Appeal at 24–25.) Hence, Haag provided a consideration for the contract that is enforceable as both a contractual and a practical matter. Accordingly, the contract is not unenforceable for want of mutuality of obligation.

■ The district court's inadvertent initial description of the question before it as "[w]hether the contract is unenforceable as a matter of law because of non-mutuality of remedies," Opinion at 2 (which the court later corrected by treating the issue as dependent on mutuality of obligation, *id.* at 5–7), was inapposite. The doctrine of mutuality of remedies, to the extent that it continues to be accepted, *see* 5A A. Corbin, *Corbin on Contracts* § 1180 (1964), does not require that both sides have equal ability to sue for damages, *see* 5 A. Corbin, *Corbin on Contracts* § 1068 (1964); rather it would deny one party specific performance of the contract if the other party would be barred from that remedy, *see, e.g., Taussig v. Corbin,* 142 F. 660, 666 (3d Cir.1906). That is not the circumstance before us.

The judgment of the district court is reversed, and the case is remanded for further proceedings.