FRANCIS L. FIELD, Respondent, v. SEUBERT BEARING COMPANY, Appellant.

First Department, November 9, 1917.

Pleading — complaint in action founded upon fraudulent representations — promissory representations — redundant allegations stricken out.

Allegations in a complaint seeking to recover damages for fraudulent representations whereby the plaintiff's assignor was induced to purchase stock of the defendant company which state that a representation that the sum of $10,000 would be used by the corporation for the purpose of carrying on its business and not to pay debts and would be devoted to the purchase of steel was false, and a representation that upon the receipt of said money orders would be placed and work of manufacturing be begun by the corporation was also false, should be stricken out as irrelevant and redundant for they were purely promissory representations and not representations of an intention that did not then exist so as to make them false representations of a present fact.

APPEAL by the defendant, Seubert Bearing Company, from an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 19th day of September, 1917, denying defendant's motion to strike out certain parts of the complaint as irrelevant and redundant.

*W. E. Lowther,* for the appellant.

*William T. Tomlinson,* for the respondent.

SMITH, J.:

The action is to recover $10,000 for fraudulent representations claimed to have been made by the defendant to the plaintiff's assignor to induce her to purchase some shares of stock of the defendant company. The allegations which are sought to be stricken out are allegations of what are claimed to be false representations, and are to the effect, *first,* a representation that the $10,000 would be used wholly by the corporation for the purpose of carrying on its business and not for the purpose of paying any debts of the corporation, and that the whole of the $10,000 would be devoted to the purchase of steel by said corporation; and *second,* that upon the receipt of the said money certain orders would be placed and work at once begun by the said corporation in manufacturing. These are purely promissory representations and are not a proper basis of an action for false representations. The court at Special Term, however, seemed to regard them as a representation of an intention that did not exist, and, therefore, a false representation of a present fact. This ruling is based upon the case of *Adams* v. *Gillig* (199 N. Y. 314). In that case the plaintiff was the owner of a vacant lot. The defendant purchased part of said vacant lot, and to induce the sale thereof falsely and fraudulently represented to the plaintiff that the purchase was for the purpose of putting à dwelling thereupon. This statement was found to have been falsely and fraudulently made, and immediately after the purchase of the lot the defendant proceeded to erect an automobile garage. The erection of this garage at this place would have damaged the remainder of the plaintiff's property more than the price received for the part sold. The court there held that the statement of a present intent was not in its nature promissory, but was a statement of a fact, and under the circumstances of that case such a statement fraudulently made authorized a

rescission of the contract. The court in its opinion was cautious to say: " It is not the intention of the court to extend the effect of this decision by implication, or to a case other than one where the facts are clearly found against the defendant."

In the case at bar the allegations of the complaint do not bring the case within the authority cited. The representations here are wholly promissory and are not in any way a statement of a present intention. Nor is there any allegation in the complaint that they did not express the intention of the promisor at the time when made, except as it may be inferred from the allegation that " each and every one of said statements and representations was false."

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SCOTT, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.