HOWARD K. STOKES, Respondent, *v.* LESLIE B. SANDERS, Appellant.

First Department, December 31, 1917.

Bills and notes — action on promissory note — evidence — discharge of maker in bankruptcy proceedings — Statute of Frauds — promissory note as memorandum of promise to pay debt discharged in bankruptcy.

Where a plaintiff sued upon a promissory note claimed to have been the last of a series of renewals it was error for the court to exclude evidence of a prior discharge of the defendant in bankruptcy in which a prior note of the defendant was scheduled, if the defendant claims the note in suit was given without consideration for the accommodation of the plaintiff and its amount was different from the amount of the prior note and it was not given when the prior note became due so that it was not a renewal thereof.

*It seems,* that a note given subsequent to the discharge in bankruptcy of the maker pursuant to an oral agreement to revive a debt discharged in bankruptcy is a memorandum of the agreement in writing within the requirements of subdivision 5 of section 31 of the Personal Property Law.

APPEAL by the defendant, Leslie B. Sanders, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of February, 1917, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 24th day of January, 1917, denying defendant's motion for a new trial made upon the minutes.

*Clarence R. Freeman* of counsel [*Charles J. Breck*, attorney], for the appellant.

*Herbert Barry* of counsel [*Barry, Wainwright, Thacher & Symmers*, attorneys], for the respondent.

PAGE, J.:

The action was brought upon a promissory note. The defendant proved that the note in suit was the last of a series of renewals, the first note having been given in June, 1908, and that there was no consideration for the note of June, 1908, but that the same was given solely for the accommodation of the plaintiff. The plaintiff then proved that in June, 1907, the defendant had given the plaintiff a note for $5,500 for money advanced in a business enterprise in which he and the defendant were copartners; that on September 2, 1907, the defendant paid $75 on account and renewed the note for $5,425. The last note of this series was the note of December third for $5,425 which was due on March third. There is an indorsement on the back of this note: " 12/31/07 Recd $75 a/c within note."

Plaintiff testified that there was paid a further sum of $125 on this note, which would reduce the debt to $5,225. The defendant offered in evidence his bankruptcy proceedings on December 20, 1907, in which this note was scheduled, but objection thereto was sustained. In this I think the learned trial justice erred. The note of June, 1908, was not for the exact amount of the balance due upon the note of December, 1907. It was not given at the time the same became due and, therefore, was not a renewal thereof, and if the debt evidenced by the note of December had been discharged in bankruptcy proceedings the former indebtedness would not furnish a consideration for the giving of this note

unless there was an agreement to that effect. Evidence was excluded as to any agreement between the parties at the time of the giving of this note, the agreement having been testified to as being parol. The Personal Property Law (Consol. Laws, chap. 41 [Laws of 1909, chap. 45], § 31) provides:

" Agreements required to be in writing. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking: * * * 5. Is a subsequent or new promise to pay a debt discharged in bankruptcy."

If it had been shown that the parties had orally agreed to revive the debt discharged in bankruptcy and had given this note pursuant to such agreement, the statute would have been satisfied because it would have been a note subscribed by the party to be charged and a promise to pay, but inasmuch as the bankruptcy was not proved nor the agreement and the note was not shown to be given in renewal of the preceding series of notes and no consideration therefor proved, the verdict directed for the plaintiff was improper.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SCOTT and SMITH, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.