HERBERT L. SMITH, Respondent, v. GERALD B. DIEM and Another, Appellants.

Fourth Department, May 2, 1928.

Contracts — consideration — action to recover purchase price of cigars — counterclaim based on breach of alleged exclusive sales agreement — plaintiff wrote defendants offering not to sell his cigars within certain territory as long as defendants' purchases amounted to 10,000 cigars weekly — arrangement was continued for more than one year — plaintiff withdrew offer — contract is not enforcible by defendants since it lacks mutuality and consideration.

The plaintiff, a manufacturer of cigars, desired the defendants to act as selling agents, and, after an interview, wrote them offering not to sell a particular brand of cigars made by the plaintiff within certain territory as long as the defendants' average weekly purchases amount to 10,000 cigars. The defendants did not reply to the letter, but apparently the parties continued under the arrangement for more than one year. At the end of that time the plaintiff withdrew the offer and refused to continue to make deliveries of cigars. The plaintiff brings this action to recover the purchase price of cigars sold, and the defendants counterclaim for breach of an alleged agreement.

The alleged agreement is unilateral and not supported by consideration and cannot be enforced by the defendants, and, therefore, they cannot recover on their counterclaim.

APPEAL by the defendants from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 11th day of June, 1927.

*Louis J. Voltz* and *James M. H. Wallace*, for the appellants.

*Richard E. Jacobson*, for the respondent.

Judgment so far as appealed from affirmed, with costs, upon the opinion of WHEELER, Official Referee.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

The following is the opinion of the referee:

CHARLES B. WHEELER, Official Referee. The plaintiff has brought this action to recover the purchase price of a quantity of cigars. The amount of the bill for cigars is not disputed. The defendants, however, have asserted a counterclaim for damages growing out of the alleged breach of a contract with the plaintiff by which it is claimed the plaintiff had agreed to give the defendants the exclusive agency to sell the brand of cigars within certain territory in New York and Pennsylvania and that in violation of such agreement had refused to make further deliveries on orders from the defendants. The facts are that the plaintiff is a manufac-

turer of cigars at Windsor, Penn., and the defendants are jobbers of cigars located at Buffalo, N. Y. The plaintiff manufactured a brand of cigars known as the " Havana Brown." He was seeking a regular distributor for this brand. He called on the defendants at their place of business in Buffalo, and an agreement was made by which the defendants were to have the exclusive right of selling the " Havana Brown " cigars in their territory. Accordingly shipments were made during February and March, 1924. Sometime in March, 1924, the defendants informed the plaintiff's representative at Buffalo that they wished to have something in writing from the plaintiff covering the arrangement made in February for the handling of the " Havana Brown " cigar. This request was communicated to the plaintiff whereupon he wrote the defendants the following letter:     "WINDSOR, PA., *March* 26, 1924.

" DIEM & Co.,
        " 458 William St.,
                " Buffalo, N. Y.:

" GENTLEMEN.— This is to advise effective this date as long as your purchases of the brand HAVANA BROWN cigars from me amount to not less than 10,000 average weekly shipments, I will not sell the brand HAVANA BROWN cigar in the State of New York (New York City and Metropolitan district excepted) and the counties of Erie, Crawford, Clearfield, Warren, Potter, Cameron, Clinton, Venango, McKean, Forest, Jefferson and Clarion, in Pennsylvania, without your consent.

" Your co-operation will be appreciated assuring you that I will endeavor to make the Havana Brown cigar so that they will at all times please you.

" I beg to remain          Very truly,
                                " HERBERT L. SMITH."

The defendants made no reply to the letter, but it is upon this letter as constituting a contract between the parties that the defendants stand as the basis for their counterclaim for damages for a violation thereof. The evidence shows the parties continued to deal with each other on the basis outlined in this letter until the fall of 1925.

There is no question that the defendants purchased cigars in excess of the quantity mentioned in the letter of 1924. However, on September 4, 1925, the plaintiff wrote the defendants terminating the contract although the defendants demanded continued deliveries of the Havana Brown cigar, both by letter and by word of mouth, but the plaintiff has refused to have further dealings with the defendants.

These facts were fully developed on the trial had before the referee. The evidence proceeded to the question of damages for the alleged breach of the contract in question, and the question then arose as to whether or not the contract was enforcible in law, and whether the defendants were in law and in fact entitled to recover any damages whatever for its breach. Plaintiff's counsel contended that the contract lacked mutuality, and that the plaintiff had the right to terminate the agreement at any time. It was then agreed by counsel that the referee should first pass on the questions of law raised and if he should find the defendants were entitled to recover damages on their alleged counterclaim that at a future and further hearing proof as to the amount of such damages would be taken. The referee, therefore, now takes up the examination of the questions raised. The plaintiff contends the defendants cannot recover upon their alleged counterclaim for the reason that the agreement embodied in the plaintiff's letter of March 26, 1924, imposed no obligation on the defendants to do anything, and, therefore, it is unilateral, and unsupported by any promise or agreement on the defendants' part, and on that account lacks any consideration to support the promise made by the plaintiff to give the defendants the exclusive sale of the " Havana Brown " cigar in the territory named.

The plaintiff's agreement is simply not to sell the " Havana Brown " cigar in the territory specified as long as the defendants purchased not less than 10,000 average weekly shipments of them.

The defendants did not agree to buy any cigars whatever. They could decline to purchase at all, without violating the terms of the letter. Had they done so the plaintiff could not maintain any action for a failure to purchase. They could stop buying at any time. Under those conditions the defendants were under no legal obligation to advertise or push the sale of the brand. It was optional with them whether to do so or not. They so understood their arrangement with the plaintiff.

Mr. Diem, one of the defendants, testified on the trial as follows: " Q. This was a new proposition in fact with you? A. Yes, sir. Q. If the cigar did not go over, you didn't want it? A. No, sir, we didn't. Q. You didn't want to be bound to take it if it didn't go across? If you couldn't sell it, you didn't want to be bound to take it? A. No, sir. Q. That is as you understood it, you wouldn't be bound to buy these cigars if you couldn't sell them? A. No. That I understand, yes."

We think the construction that the defendants placed on the arrangement the legal one. Not only that they were under no obligation to buy at all, but also under no legal obligation to

continue to buy if they saw fit to discontinue purchases. Under such an arrangement the referee is unable to discover a promise or agreement on the defendants' part sufficient to import a consideration for the plaintiff's promise to give the defendants the exclusive agency for the cigar in the territory named.

The general rule governing such contracts is stated in Clark's New York Law of Contracts (§ 316) as follows: " Unless the contract is supported by some other consideration, there must be, as a general rule, mutuality of obligation to render it binding on either party. A promise by one party to perform an act or series of acts in consideration solely of the performance of another act or series of acts by the other party, the latter being left entirely free to perform or not on his part, is unenforceable for want of a sufficient consideration, and mutuality of obligation must exist at the same time." (Citing numerous cases, among others: *Chicago, etc., R. Co.* v. *Dane*, 43 N. Y. 240; *Levin* v. *Dietz*, 194 id. 376; *Grossman* v. *Schenker*, 206 id. 466.)

See, also, *Schlegel Mfg. Co.* v. *Cooper's Glue Factory* (231 N. Y. 459), where the plaintiff, a jobber, entered into an agreement with the defendant glue factory by which the glue factory agreed to furnish all the jobber's requirements for resale during the year 1926 at a stated price, and there was no promise on the plaintiff's part to take any definite quantity, and the court held that the contract lacked mutuality, and was not enforcible.

There is no claim in this case that there was " some other consideration " on the part of the defendants.

The defendants contend that the comparatively recent decision of the Court of Appeals of this State in *Ehrenworth* v. *Stuhmar & Co.* (229 N. Y. 210) distinguishes and modifies the general rule above stated and within the authority of the *Ehrenworth* case the defendants are entitled to recover on their counterclaim.

In the *Ehrenworth* case the plaintiff entered into a contract with the defendants by which it was agreed that he was to sell a particular kind of black bread manufactured by the defendants exclusive of all other black bread, and in consideration of the plaintiff's refraining from selling any other black bread to his customers along his established route, the defendants were to sell and furnish him with as much black bread as the plaintiff would require so long as the defendants and the plaintiff remained in business. The court held that the evidence established this claim as to the contract made, and the plaintiff was entitled to recover. But the *Ehrenworth* case is very different from this case, in that there were mutual promises and obligations on the part of both parties. On the part of one to sell all black bread required, and on the part of the other

to sell no other kind of black bread, which was observed. There was mutuality of promises and of obligations. We think, therefore, that the *Ehrenworth* case does not control in the case now presented to the referee. In the present case the defendants made no promise not to sell other cigars in competition with the Havana Brown brand.

If, therefore, the contract between the parties is unenforcible for the reasons stated the referee is unable to see how the defendants are entitled to recover damages on their counterclaim even for sales made by the plaintiff of the Havana Brown cigars to parties within the defendants' territory prior to the notice of cancellation written on September 4, 1925.

We are of the opinion, therefore, that the counterclaim of the defendants must be dismissed.

In addition to the purchase price of cigars sold the plaintiff seeks to recover some $196.10 for money paid for certain labels printed and not used. As to this claim we are of the opinion that the plaintiff has failed to establish a right to recover.

We, therefore, find the plaintiff is entitled to recover the amount claimed for the cigars sold, set out in the first cause of action, and no more.