### THOMAS A. EDISON, INC., v. BLACKMAN DISTRIBUTING CO., Inc.

District Court, S. D. New York.

July 2, 1931.

miss the second counterclaim as improperly interposed, and to strike out the first defense as insufficient in law.

The action is to recover $20,634.98 as a balance for goods sold and delivered to the defendant between October 29, 1930, and January 3, 1931. The amended answer, after denying the material allegations of the complaint, contains a first separate defense and four counterclaims; and it concludes with a prayer for affirmative damages in a substantial amount.

The first counterclaim alleges that the plaintiff and the defendant entered into an oral agreement on January 22, 1929, covering a period from February 1, 1929, to June 1, 1930, which was subsequently extended to February 1, 1933, and by which agreement the plaintiff was to manufacture and sell to the defendant, and the defendant was to purchase and pay for, "radios and other products to the quantity and to the extent which defendant might require in order to supply its trade as the plaintiff's distributor in the territory set forth" in a written contract attached to the answer, marked "Exhibit A," and dated as of February 1, 1929, but stating "the terms of the agreement arrived at on January 22, 1929." It is further alleged that it was agreed that if the plaintiff lowered its prices to others for the same products, the defendant would be entitled to a refund equal to the difference between the new and old prices on all products "billed to the defendant within the preceding ninety days and which were on hand unsold at the time of said reduction." It is then alleged that on October 15, 1930, the plaintiff secretly reduced its prices on such products, and that the defendant thereupon became entitled to a refund of $30,922.73.

The plaintiff insists that inasmuch as the defendant has pleaded the written agreement of February 1, 1929, it should not be permitted to vary its terms by alleging and proving a contemporaneous oral agreement covering the same ground. And it is perfectly obvious that the allegations with respect to the oral agreement, as contained in the answer, are directly at variance with the terms of the written agreement, especially as the written agreement contains no express covenants binding the plaintiff to sell or the defendant to buy any products whatever; whereas, the oral agreement as alleged contains mutual covenants that the plaintiff will "manufacture and sell," and the defendant will "purchase" and "pay for" "radios and other products" "to the quantity and to the extent" required by the defendant's needs. I am clear that

Clark, Reynolds & Hinds, of New York City (Roger Hinds, of New York City, of counsel), for plaintiff.

Palmer & Serles, of New York City (William Huck, Jr., and Joseph A. Clossick, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the plaintiff to dismiss all four counterclaims in the defendant's amended answer on the grounds of insufficiency. It is also sought by the motion to dis-

these allegations with respect to the oral agreement have no proper place in the pleading and should be disregarded.

There remain in the first counterclaim the allegations on price cutting. This is expressly provided for in the written agreement, and if the allegations are substantiated I think they may form the basis of affirmative relief against the plaintiff. The plaintiff urges that there can be no refund until the defendant has paid for the products purchased at billed prices, and has demanded repayment. That seems, however, to be an overtechnical criticism of the pleading, especially as a refund may be either in the form of cash or a credit memorandum. The question is whether the plaintiff has reduced its prices so as to entitle the defendant to a refund as provided in the agreement; and the determination of that question is not dependent on whether there has been a demand or not. The plaintiff insists also that the counterclaim is defective in that it fails to allege performance by the defendant or an excuse for nonperformance. But in that respect, also, I think the objection must be overruled. I conclude, therefore, that the motion, with respect to the first counterclaim, should be granted, with permission to the defendant to amend by confining the allegations strictly to any breaches of the written agreement by the plaintiff.

The second counterclaim contains similar allegations to the first with respect to the oral agreement, and is to be condemned for the reasons already indicated. It also contains allegations that the plaintiff (1) falsely represented in January, 1929, that it would bring out a $125 radio set; and (2) falsely represented from July to December, 1930, that it would not "dump" its products, and that it was in business "for a long pull." Manifestly these allegations are insufficient. They are mere promissory representations, which, under well-established principles, cannot be made the basis of a fraud action. Adams v. Gillig, 199 N. Y. 314, 92 N. E. 670, 32 L. R. A. (N. S.) 127, 20 Ann. Cas. 910; Field v. Scubert Bearing Co., 179 App. Div. 780, 167 N. Y. S. 294. Furthermore, the written agreement is explicit with respect to such representations. In one place it is stated that it is "understood" that the plaintiff "will endeavor to have ready to market on or about June 1, 1929, a reasonably complete line of radio sets, * * *" showing that the entire subject of the new radio sets was fully considered and covered by the agreement. Then again with respect to the allegation regarding dumping, the agreement provides that the plaintiff "will not make any distribution of said products in said territory." I am clear, therefore, that the second counterclaim does not state facts sufficient to constitute a cause of action.

The third and fourth counterclaims are based on the theory that there was an implied term in the agreement that the plaintiff would continue in business, and would continue to supply the defendant with radio sets and products sufficient to meet its requirements; and in order to sustain this theory it is again alleged that there was a contemporaneous oral agreement containing mutual covenants of sale and purchase on the part of the plaintiff and the defendant. The written agreement, however, contains no such covenants on the part of the plaintiff or of the defendant; and it is, therefore, difficult to see how such a covenant can be implied. The agreement is the usual form of distributor's contract, and merely obligates the plaintiff to keep out of the defendant's territory, in return for which the defendant agrees to purchase and pay for at specified prices such products as it may require from time to time. The agreement is mainly unilateral, and insufficient, in my opinion, to support an implied covenant such as alleged in the fourth counterclaim. Schlegel Mfg. Co. v. Peter Cooper's Glue Factory, 231 N. Y. 459, 132 N. E. 148, 24 A. L. R. 1348; Smith v. Diem, 223 App. Div. 572, 229 N. Y. S. 56; Friede v. White Co. (D. C.) 244 F. 272.

And I do not think that the failure of the plaintiff to continue in business can be treated as a cancellation of the agreement so as to obligate the plaintiff to take over the defendant's lease, and pay for the furniture and fixtures, as alleged in the third counterclaim. The provision of the written contract, with respect to cancellation, has reference principally to the contingency that the plaintiff may desire to take over the defendant's territory; and in the event that this should occur it was proper that the plaintiff should bind itself to assume the defendant's lease, and pay for the furniture and fixtures. But as long as there was no implied covenant on the part of the plaintiff to remain in business, it can hardly be urged that the discontinuance of the business was in effect a cancellation of the agreement.

I conclude that the third and fourth counterclaims are insufficient as not containing facts sufficient to state causes of action.

With respect to the first defense, I cannot see that it adds anything to the denials in oth-

er parts of the amended answer, and for the reasons already given with respect to the counterclaims, I think it should be stricken out.

The motion to dismiss the first defense and the first, second, third, and fourth counterclaims is granted, with permission to the defendant to amend within twenty days in line with this memorandum.