Per Curiam.

The letter dated' May 14, 1941, was merely an agreement to accept interest at a reduced rate for a limited period of time. It did not effect an extension of the maturity of the mortgage. An agreement between the parties, such as here involved, to accept a reduced rate of interest for a stated period, does not by its terms or by implication constitute an extension agreement when the moratorium laws themselves have expressly extended the mortgage to a date past the date to which interest at a reduced rate is to be accepted (Dry Dock Savings Institution v. 103 East 75th St. Apartments, Inc., 296 N. Y. 280, 287; Sidrane v. F. D. R. Realty Corp. 296 N. Y. 357). Moreover, the use of the words in the letter “ as long as the loan secured by the mortgage on the property identified above, remains with us, on an open basis ” negatives the contention that the agreement constituted an extension of the mortgage. (Dry Dock Savings Institution v. 103 East 75th St. Apartments, Inc., supra.)
The order granting the defendant’s motion for judgment on the pleadings should be reversed, with $20 costs and disbursements and the motion denied.
Peck, P. J., Glennon, Dobe, Van Voobhis and Shientao, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied.