David 0. Boehm, J.
This is a motion for summary judgment, pursuant to CPLR 3212, upon an action brought by the plaintiff to recover a balance due upon two promissory notes executed by the defendant and his wife on December 20, 1967 and January 8, 1968. Copies of the two notes are annexed to the complaint.
Although he denies the execution of the notes in his answer, the defendant admits in his affidavit opposing the motion that he signed the January, 1968 note. This note represented an indebtedness upon a previous obligation of the defendant to the plaintiff which was discharged in bankruptcy as a result of defendant’s adjudication as a bankrupt on October 23, 1967.
In his answer, after denying execution of the notes, the defendant alleges that after going through bankruptcy he was contacted by an officer of the bank who requested that the defendant sign “ the enclosed papers” and that, in return, this officer “ would help find the defendant a job, which he had been unable to do at the time, and would further finance a new car for him. The officer of the plaintiff further advised the defendant that if he failed to sign these papers, he would take what steps were available to him to see to it that defendant would not be able to find work.”
The defendant admits that financing was obtained for a new car but that the plaintiff did not help him find a job.
This find the Statute of Limitations are asserted as defenses.
The defense of Statute of Limitations'is without merit. Without considering the payments made upon the notes, six years have not elapsed from the date the notes were signed to the time this action was brought.
The defendant’s execution of a new note incorporating the prebankruptcy indebtness does not require new or additional *270 consideration. “It is due in conscience, although discharged in law, and this moral obligation, uniting with the subsequent promise to pay, creates a right of action.” (Harrington v. Davitt, 220 N. Y. 162, 167; see, also, General Obligations Law, § 5-701, subd. 5; Personal Property Law, § 31, subd. 5; 56 N Y. Jur., Statute of Frauds, § 9.)
Nor is there any necessity to state in the note that it is given on account of the discharged indebtedness (Stokes v. Sanders, 181 App. Div. 249).
In determining a motion for summary judgment, the test is whether a finding is justified from the pleadings, affidavits and exhibits that there is no defense to the action and that the court is warranted as a matter of law in directing judgment. If it clearly appears that no triable issue exists, the motion should be granted (CPLR 3212, subd. [b]; 6 Carmody-Wait 2d, New York Practice, § 39:11).
It is necessary, then, to turn to the defendant’s papers to determine if a credible issue of fact exists. In his answering affidavit defendant states that he signed one of the notes under the pressure of his economic circumstances and, upon the promise of the plaintiff’s officer to finance an automobile to facilitate defendant’s obtaining employment and, further, to assist him in obtaining shch employment. The car was financed, as promised, although later repossessed for failure to maintain the payments. The defendant complains, however, that “to the best of [defendant’s] knowledge, [plaintiff] never in any way aided [defendant] in finding employment ”.
This would appear to be a defense based upon fraud in the inducement. It is not properly pleaded but, on a motion for summary judgment, such a contention should be considered regardless of technical defects or deficiencies in pleading (Irving Finance Corp. v. Wegener, 30 A D 2d 958, 959; Rizzi v. Sussman, 9 A D 2d 961).
Nevertheless, this defense is not available to the defendant. An action for or a defense in fraud ordinarily may be predicated only upon a misrepresentation as to past. or existing material facts and not upon promissory statements. Such statements as to what will be done in the future do not constitute fraud as the law recognizes it. ‘1 Accordingly, mere failure to keep one’s promise, even if the promisor has no ■excuse for his failure to do so, cannot be made the basis of. ah action in fraud.” (24 N. Y. Jur., Fraud and Deceit, § 50, p. 92.)
*271 A different situation exists where there is a trust or confidential relationship or where the promissory statement is made with the knowledge or intention that it cannot or will not be carried out (Ibid., §§ 52-55).
However, no such relationship exists here and there is a total absence of any claim in either the pleadings or affidavits that the intention to deceive existed at the time the promise was made. This is essential (Field v. Seubert Bearing Co., 179 App. Div. 780). Ordinarily, a fraudulent intent not to perform cannot be inferred solely from the fact of nonperformance (Adams v. Clark, 239 N. Y. 403).
In fact, the Second Department has held that a defendant is estopped from asserting a defense involving the otherwise apparent validity of a note delivered to a bank on the condition that defendant would be credited with more than its face value or that the plaintiff had fraudulently promised to allow such credit (President & Directors of Manhattan Co. v. Cocheo, 256 App. Div. 560).
- As a matter of fact, the defendant does not even assert Ms attempted defense explicitly or positively but, rather, carefully couches it in ambiguous language. He says “to the best of [his] knowledge ” the plaintiff did not aid him in finding employment. However, he unequivocally admits that the car was financed as promised. Although he mentions a vague threat in his answer, in his affidavit he states that the only duress under which he signed was that of his own impecunious state and does not again mention threats.
The issues raised by the defendant, therefore, are insubstantial and without materiality as well as being legally insufficient.
In the frequently quoted case of Di Sabato v. Soffes (9 A D 2d 297) the First Department comprehensively set forth the requirements for defeating a motion for summary judgment. Speaking for the majority, Justice M. M. Feawk stated (p. 300): “ On a motion such as this, the court is called upon to determine whether a bona fide issue exists. If the plaintifPs pleadings and other papers disclose no real defense and if the defendant fails to controvert such proof and establish by affidavits or other evidence the existence of a genuine defense, the court may find that no triable issue exists and grant summary judgment * * * The inquiry must be directed to ascertain whether the defense is genuine or unsubstantiated. ‘ A shadowy semblance of an issue ’ is not enough ”. (See, also, Richard v. Credit Suisse, 242 N. Y. 346, 350; Bank for *272 Savings in City of N. Y. v. Rellim Constr. Co., 285 N. Y. 708; Kramer v. Harris, 9 A D 2d 282; Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A D 2d 136; Koppers Co. v. Empire Bituminous Prods., 35 A D 2d 906; Accord Farmers Co-op. v. Levine, 36 A D 2d 656).
As to the execution of the other note, the defendant has simply raised a general denial and has not even bothered to deny signing it in his answering affidavit nor raised any defense as to it. Nor does the defendant, except again by general denial, dispute the balance due upon both notes..
In view of the foregoing, the plaintiff’s motion should be granted as to both notes and the motion for summary judgment is, accordingly, granted, with costs.