SUE DUBESHTER, Doing Business as SPEED OIL SERVICE, Respondent, v. LIFE-LUBE OIL CORP. and Others, Appellants, and Another, Defendant.— Action to recover damages for an executory breach of contract, for malicious inducement of the breach thereof, and for conspiracy to prevent fulfillment of the contract and to ruin the plaintiff's business. Order denying appellants' motion to strike from the amended complaint the first, second and third causes of action, and for other relief, modified on the law by striking from the first ordering paragraph the words " are hereby denied in all respects," and by substituting in place thereof a provision granting appellants' motion to the extent of dismissing the first, second and third causes of action for insufficiency. As thus modified, the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to appellants, with leave to serve an answer as to the fourth cause of action within ten days from the entry of the order hereon; and with leave to respondent, within ten days from the entry of the order hereon, to serve a further amended complaint, to include a cause of action alleging conspiracy to injure, impair and damage the business of the plaintiff. The contract is unenforcible for indefiniteness and lack of mutuality in that it does not obligate the purchaser to purchase any specific amount of oil. Although the contract obligates the seller to have one truck engaged exclusively in collecting oil, to be sold only to the purchaser, its context rebuts any implication which might otherwise be afforded that there was a reciprocal obligation on the part of the purchaser to take the output of the truck. The contract assumes that the purchaser may never take a substantial amount of oil and, in an independent paragraph, provides only that the purchaser agrees to purchase " up to 7,500 gallons " weekly. Accordingly, the first and second causes of action, which are based on the contract, are insufficient. The third cause of action hopelessly intermingles a cause of action based on the contract with one seeking damages for conspiracy to injure the business. Inasmuch as the fourth cause of action is for goods sold and delivered in accordance with the contract price, the allegations with respect to the making of the contract are proper therein as showing the agreement of the parties with respect to deliveries. Carswell, Adel and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent as to the dismissal of the second cause of action and vote to deny the motion to dismiss in that respect. They concur otherwise, except that as to the dismissal of the first and third causes of action they vote to grant leave to respondent to serve a further amended complaint separately stating and numbering the causes of action therein set forth as to the breach of contract, the malicious inducement to breach it, and conspiracy, being of opinion that the contract is sufficiently definite but that the allegations with respect thereto are commingled with the allegations with respect to other causes of action.

SADIE FLEISCHER, Appellant, v. FARMERS ESTATES CORPORATION, Respondent, and G. CARLTON WALTERS, Defendant.— Action for the specific performance of a contract to purchase real property. Judgment dismissing plaintiff's complaint on the merits, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ,