George Tilzer, J.
Motions Nos. 157,158 and 162 of September 26,1962 are consolidated.
These are motions to dismiss the complaint for legal insufficiency on the ground that the “ dealer agreements ” annexed to the complaint, breach of which it is alleged were wrongfully induced, are void and unenforeible for indefiniteness. The agreements in essence provide that plaintiff agrees to sell its products to the respective dealers during a certain period, and that they agree to buy them. There is no specific requirement as to the quantity to be purchased, or any express obligation to buy anything. Absent other factors, contracts to supply goods which depend on the mere whim or wish of the purchaser are not valid and unenforeible. (Schlegel Mfg. Co. v. Cooper’s Glue Factory, 231 N. Y. 459; Dubeshter v. Life-Lube Oil Corp., 264 App. Div. 875, affd. 290 N. Y. 675.) However, even if no quantity is expressed, the contract is enforcible if the buyer expressly or impliedly is obligated to accept such quantity of the commodity as will be required in his business, where such requirements may be approximately determined. (Ehrenworth v. Stuhmer & Co., 229 N. Y. 210; Cowan v.De Witt, 205 Misc. 130.) In the pleaded contract the dealers do not expressly agree to take any specific quantity of plaintiff’s product. The contract, however, provides for a loan of major equipment to the dealers, such as pumps, tanks, pipes, air compressors, etc., with the proviso that such “ equipment * * * be used solely in connection with the storage, handling and/or sale ” of plaintiff’s products. Notice may be taken of the fact that automobile service station dealers are in business to sell gasoline and other petroleum products, and that this cannot be accomplished without utilizing the equipment installed by plaintiff. Since the dealers are bound not to use this equipment to sell another’s products, it must be concluded that they, by implication if not expressly, agreed to purchase all their requirements from the plaintiff during the period specified in the contract. For the foregoing reasons, the decision that these contracts are enforcible is inescapable. Defendants’ further contention that a cause of action in equity is not stated in that plaintiff has an adequate remedy at law is also rejected. There are sufficient allegations in the complaint setting forth the “ uniqueness ” of the stations in question. Whether or not this will be proved at the trial is of no import here. The motions are, accordingly, denied in all respects.