## SOUTHERN VENDING CO., Inc. v. HALLOCK, et ux.
### No. 101313.
Small Claims Court, Dade County.
January 30, 1963.

Norman F. Solomon, Miami Beach, for plaintiff.

SIDNEY L. SEGALL, Judge.

Judgment is rendered in favor of defendant. Under the law and the evidence plaintiff is not entitled to recover.

The plaintiff seeks to recover a loss of profits for removal of its cigarette vending machine from a location on which plaintiff had placed said machine under a "Location Agreement". The machine was removed by the plaintiff at the request of the purchaser of the business operated at said location. Plaintiff contends that it is entitled to recover on the basis of a breach of the "Location Agreement" or as a creditor under the Bulk Sales Law, which plaintiff contends was violated in the sale of the business.

The pertinent provision of the "Location Agreement" is paragraph # (2) —

"This agreement is binding on the parties, and upon their successors, executors, administrators, and assigns, and upon any person or firm purchasing said business from the proprietor, and in the event the proprietor sells said business, proprietor shall notify the purchaser of the existence of this agreement, and of the binding effect thereof."

There is no evidence that defendant purchaser assumed expressly or impliedly the obligations of its vendor under the "Location Agreement." Plaintiff cannot recover, therefore, for breach of contract.

This conclusion is supported by the general rule of law that mere assignment of rights and benefits under an executory contract does not impose on the assignee or transferee obligations of the assignor or transferor unless the assignee consents to the assumption of the obligations under the contract, Gregers v. Peterson Ice Cream Company (Cal. App.), 323 P. 2d 572; 4 Corbin on Contracts, section 871, pages 478-81.

Moreover, the evidence fails to show that the defendant purchaser accepted any benefits under the contract which would render the defendant liable thereon. See: Bergin v. Van der Steen, 107 Cal. App. 2d 8, 236 P. 2d 613.

Further, the court does not agree with the contention that the plaintiff is a creditor under the Bulk Sales Law. There has been no showing that any money was due under the so-called "Location Agreement" or that the vendor under said agreement was in default thereunder.

The better rule seems to be that if, at the time of the sale of the business, the terms of the "Location Agreement" were being

carried out, plaintiff was not a creditor under the Bulk Sales Law, section 726.02 et seq., F.S.; J. D. & H. Enterprises Corp., v. Byrne, 175 N.Y.S. 2d 726; 85 A.L.R. 2d 1216-20.